595 So.2d 311 (1992)
James C. HARTLEY, Appellant,
v.
Anthony ANDRIULI, d/b/a Tony Belmont, and Susan Andriuli, Appellees.
No. 91-02474.
District Court of Appeal of Florida, Second District.
March 25, 1992.
William H. Walker, St. Petersburg, for appellant.
Seymour A. Gordon of Gay and Gordon, P.A., St. Petersburg, for appellees.
HALL, Judge.
The appellant, James C. Hartley, challenges a trial court order setting aside a final judgment of dismissal one year and ten months after its entry. Hartley contends that pursuant to rule 1.540(b), Florida Rules of Civil Procedure, the trial court lacked jurisdiction to reinstate the cause. We agree.
In February 1988, the appellees, Anthony and Susan Andriuli, filed suit against Hartley, seeking money damages for breach, or in the alternative, specific performance of a contract for the sale of certain real property.
On March 8, 1988, just prior to trial, the parties entered into a settlement agreement. Pursuant to that agreement, Hartley agreed to pay to the Andriulis the sum of $27,500 in monthly installments of $250. The agreement also provided that should Hartley fail to cure any default within ten days of receiving notice thereof, the Andriulis would be entitled to "the entry of instanter of judgment." It was further agreed that upon satisfaction of Hartley's obligation, the case would be dismissed with prejudice. The parties thus stipulated that the trial court would have continuing jurisdiction in the matter.
For some reason, a copy of the signed settlement agreement was never entered into the court file. Consequently, the agreement was never ratified or otherwise confirmed by the trial court as was required to confer continuing jurisdiction upon the court. In fact, the court file reflected absolutely no activity in the case beyond March 2, 1988.
On March 6, 1989, a notice of intent to dismiss for failure to prosecute for more than one year was served on all parties by the clerk of court. Upon receiving no response from either the Andriulis or Hartley, the trial court dismissed the action on May 2, 1989.
Approximately one year and ten months later, the Andriulis filed a motion to set aside the trial court's order of dismissal, alleging Hartley had defaulted on his obligation. The Andriulis thus provided the court with a copy of the settlement agreement and requested that the court enter judgment in their favor for the outstanding balance of the obligation. Finding the Andriulis were entitled to judgment under the agreement, the trial court thereafter set aside its previous order of dismissal and entered final judgment for the Andriulis.
*312 The Andriulis do not dispute they received proper notice of the trial court's intent to dismiss their action. It is also undisputed that, having received notice, the Andriulis did nothing to avoid the actual dismissal of the case. They further failed to file for relief from the judgment of dismissal within one year of its entry pursuant to rule 1.540(b); thus, the trial court was without jurisdiction to grant their motion to set aside the judgment. See Garvin v. South Carolina Ins. Co., 528 So.2d 929 (Fla. 2d DCA 1988).
Based on the foregoing, we therefore reverse the final judgment entered in favor of the Andriulis pursuant to the settlement agreement and remand the cause with directions consistent with this opinion.
Reversed and remanded.
SCHOONOVER, C.J., and PARKER, J., concur.