PER CURIAM.
Ronald L. Wright appeals a final summary judgment adding him, individually, to a final judgment obtained by appellee, Marcus Bernard Scott, several years earlier. However, Scott’s motion to correct the final judgment, which was made pursuant to Florida Rule of Civil Procedure 1.540(b), was filed more than two years after entry of the initial final judgment, and nearly 18 months after entry of the last amended final judgment. Therefore, the trial court was without jurisdiction to amend the final judgment by adding Wright, because more than one year had passed since entry of the last amended final judgment. Kippy Corp. v. Colburn, 177 So.2d 193 (Fla.1965); Hartley v. Andriuli, 595 So.2d 311 (Fla. 2d DCA 1992); St. Cloud Utilities v. Moore, 410 So.2d 973 (Fla. 5th DCA 1982); Avant v. Waites, 295 So.2d 362 (Fla. 1st DCA 1974). Even though Wright failed to raise this error below, it is fundamental error which can be raised for the first time on appeal. Sanford v. Rubin, 237 So.2d 134 (Fla.1970); Love v. Hannah, 72 So.2d 39 (Fla.1954); Hadley v. Hadley, 140 So.2d 326 (Fla. 3d DCA 1962).
REVERSED.
ERVIN, BENTON and VAN NORTWICK, JJ., concur.