SHARP, W., Judge.
Eric Holm, d/b/a Angels Diner, appeals from an order denying his motion for relief from a judgment against him for $927,222.00. That sum represents accelerated rent due on a twenty-year lease, discounted to present value, plus attorney’s fees and costs. Holm’s basis for relief pursuant to Florida Rule of Civil Procedure 1.540(b)(5) is that the lessor, the Demetrees, who obtained the judgment, have since leased the property to other parties, and they are now collecting rent on the premises. Holm argues that it is therefore inequitable for the Demetrees to have a judgment for the full amount of the twenty-year lease, and receive rent from a third party, for the same period of time. See Quintero— Chadid Corp. v. Gersten, 582 So.2d 685 (Fla. 3d DCA 1991); Jimmy Hall’s Morningside, Inc., v. Blackburn & Peck Enterprises Inc., 235 So.2d 344 (Fla. 2d DCA 1970).
However in this case, Holm did not appear for the trial nor did he appeal from the final judgment. A motion for relief pursuant to rule 1.540 is not a substitute for a timely motion for rehearing, or a timely appeal. A.W. Baylor Plastering, Inc. v. Mellon Stuart Co., 611 So.2d 108 (Fla. 5th DCA 1992). Pre-trial, Hohn raised the issue of mitigation of damages, and thus the issue of granting a judgment for the whole of the accelerated rent without any provision for crediting Holm with rents received after reletting the premises may have been erroneous and should have been raised on appeal. Quintero-Chadid Corp.; Jimmy Hall’s Morningside, Inc.
Under these circumstances, mitigation or credit for rent received subsequent to an acceleration is not an appropriate ground for relief pursuant to Rule 1.540. See Sacco v. Slavin, 641 So.2d 955 (Fla. 3d DCA 1994); Gregory v. Connor, 591 So.2d 974 (Fla. 5th DCA 1991); Hensel v. Hensel, 276 So.2d 227 (Fla. 2d DCA 1973). Although perhaps not legally correct, the judgment under attack in *869 this case has passed into the unassailable realm of finality. See Commercial Laundries, Inc. v. Golf Course Towers Associates, 568 So.2d 501 (Fla. 3d DCA 1990); Fiber Crete Homes, Inc. v. Division of Administration, State, Department of Transportation, 315 So.2d 492 (Fla. 4th DCA 1975).
AFFIRMED.
COBB and GOSHORN, JJ., concur.