SALCINES, Judge.
In this consolidated appeal, Michael Bernard Stone appeals the denial of his pro se “Complaint-Motion to Enforce Settlement for Failure to Perform Accord and Motion for Property Lien Attachment and For Wage Garnishment Against All Plaintiffs” in circuit court case numbers 00-4215 and 00-4865. In the “complaint-motion,” Mr. Stone sought to enforce the terms of a settlement agreement he had entered into with Melvin J. Stone, Rolelia S. Moore, Carrie M. Bell, James D. Stone, Jacquelyn S.Cress, Carolyn S. Holifield, and Melvin M. Stone (“Appellees”). We affirm in part and vacate in part the single order entered for both cases.
This case originated when an action for partition of certain real property was filed by the Appellees in case number 00-4215. In response to that action, Mr. Stone filed a counterclaim. Shortly thereafter, Mr. Stone filed a complaint in case number GO-4865 against the Appellees and other individuals in which he asserted that his property rights in this same real property had been violated.
Several months later, the parties entered into a “Stipulated Settlement and Release” in case number 00-4215. One of the conditions of the settlement agreement was that Mr. Stone would voluntarily dismiss his pending actions. The settlement agreement was not presented to the trial court for approval and no final judgment was entered in either case. Mr. Stone filed notices of voluntary dismissal with prejudice in both cases. The voluntary dismissal filed in case number 00-4865 closed the case because Mr. Stone was the plaintiff in that action. His voluntary dismissal in case number 00=4215 concluded the case relating to his counterclaim. The *630 case was not closed because the Appellees, as plaintiffs, did not file a notice of dismissal. That matter remains pending.
One year and five months later, Mr. Stone filed the “complaint-motion” which is the subject of the present appeal. The trial court entered a single order for both cases denying the motion. This order must be vacated as it relates to case number 00-4865 because the trial court did not have jurisdiction to consider the “complaint-motion” in that closed ease.[1] See Paulucci v. Gen. Dynamics Corp., 842 So.2d 797, 802 (Fla.2003); MCR Funding v. CMG Funding Corp., 771 So.2d 32, 35 (Fla. 4th DCA 2000). We do not comment on the merits of the “complaint-motion” filed by Mr. Stone relating to case number 00-4865 because the trial court’s order “is not entitled to the preclusive effect of res judicata.” See 84 Lumber Co. v. Cooper, 656 So.2d 1297, 1299 (Fla. 2d DCA 1994); Hoechst Celanese Corp. v. Fry, 693 So.2d 1003, 1007, 1009 (Fla. 3d DCA 1997).[2] Therefore, the order denying Mr. Stone’s “complaint-motion” as to case number 00-4865 is vacated, and the matter is remanded with directions for the trial court to dismiss the proceeding below relating to that case.
The trial court did have jurisdiction to consider Stone’s motion as it relates to case number 00-4215. On this issue, the record before this court only contains the “complaint-motion” filed by Mr. Stone. There is no indication in the record that this matter was noticed for an evidentiary hearing or that a hearing was conducted. There is nothing in the record which would establish that the trial court erred when it apparently summarily denied the “motion-complaint.” The burden of proof on appeal lies with the appellant to demonstrate that the trial court erred. See Green-Mar Builders, Inc. v. Pearlman, 109 So.2d 601, 602 (Fla. 3d DCA 1959). We must affirm because no reversible error has been shown in case number 00-4215 with respect to the trial court’s order denying Mr. Stone’s “complaint-motion.”
Affirmed as to that portion of the order which deals with case number 00-4215. The portion of the order relating to case number 00^4865 is vacated, and the matter is remanded with directions as set forth in this opinion.
WHATLEY and STRINGER, JJ„ Concur.

. We note that the lack of jurisdiction can be challenged at any time and may be considered independently by the appellate court, even if the issue was never raised in the trial court. See 84 Lumber Co. v. Cooper, 656 So.2d 1297, 1298 (Fla. 2d DCA 1994); Hoechst Celanese Corp. v. Fry, 693 So.2d 1003, 1007 (Fla. 3d DCA 1997).

. The record on appeal only contains the settlement agreement which was filed in case number 00-4215. If a settlement agreement was entered into by the parties relating to case number 00-4865, Mr. Stone could file a new action to enforce the terms of that settlement agreement. As the Fourth District explained in MCR Funding, 771 So.2d at 34-35: On some occasions, as in the instant case, settlement is reached, and dismissal is later achieved by the parties without an order of court pursuant to Florida Rule of Civil Procedure 1.420.... By voluntarily dismissing their suit, the litigants have removed their dispute from the judge's consideration. And, under this scenario, the trial court may not rely on its inherent power to enforce its own orders since there is no judgment or order for the court to enforce. In this instance, the parties would ordinarily have to pursue a new breach of contract action to enforce the settlement agreement.