884 So.2d 346 (2004)
BANK ONE, NATIONAL ASSOCIATION, as Trustee, Appellant,
v.
Arleen BATRONIE and Gene Batronie, Appellees.
No. 2D03-3832.
District Court of Appeal of Florida, Second District.
September 10, 2004.
*347 Jeffrey S. Lapin and Marjorie T. Kret of Larson King, LLP, Miami, for Appellant.
Louis K. Rosenbloum of Louis K. Rosenbloum, P.A., Pensacola, for Appellees.
WALLACE, Judge.
Bank One, National Association, challenges the order of the circuit court setting aside a final judgment of foreclosure and dismissing the action without prejudice. Because the motion seeking relief from the final judgment was filed more than one year after rendition of the judgment, the *348 circuit court lacked jurisdiction to entertain the motion or to grant relief thereon. Accordingly, we reverse.
On April 16, 2002, the circuit court entered a summary final judgment of foreclosure in favor of Bank One and against Arleen and Gene Batronie (the Homeowners). The Homeowners did not appeal. More than a year later, on May 8, 2003, the Homeowners, acting pro se, filed a motion seeking to set aside the final judgment of foreclosure. The Homeowners contended that Bank One did not have a cause of action to foreclose on their property because they were not in default on the mortgage on the date Bank One filed its complaint. Although the Homeowners' motion did not expressly reference a ground for relief under Florida Rule of Civil Procedure 1.540, they assert on appeal that their motion presented a colorable claim under rule 1.540(b)(3), which provides that a court may relieve a party from a final judgment for the reason of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."[1] A motion seeking relief for the reason specified by rule 1.540(b)(3) must be filed not more than one year after rendition of the final judgment. Fla. R. Civ. P. 1.540(b); Pruitt v. Brock, 437 So.2d 768, 773 (Fla. 1st DCA 1983). The Homeowners do not dispute that their motion was filed more than one year after the circuit court entered the final judgment of foreclosure.[2]
Insofar as the record reveals, Bank One did not object to the untimeliness of the Homeowners' motion until it filed a motion for reconsideration after the circuit court entered the order setting aside the final judgment. Before obtaining a ruling on its motion for reconsideration, Bank One invoked the jurisdiction of this court pursuant to Florida Rule of Appellate Procedure 9.130(a)(5) to review the challenged order. On appeal, the Homeowners contend that the untimeliness of their motion may not be a reason for this court to reverse the challenged order because Bank One failed to preserve and otherwise abandoned the issue of timeliness.
The Homeowners are correct that Bank One did not preserve the issue of timeliness. See S. Indus. Tire, Inc. v. Chicago Indus. Tire, Inc., 541 So.2d 790, 791 (Fla. 4th DCA 1989) (applying the principle of rule 9.020(h)(3) to a nonfinal order; deeming a party to have abandoned a petition for rehearing directed at a nonfinal order by filing a notice of appeal during pendency of the petition for rehearing). However, the jurisdictional nature of rule 1.540(b) allows the error to be raised for the first time on appeal.
After rendition of a final judgment, the trial court loses jurisdiction over the case except to enforce the judgment and except as provided by rule 1.540. *349 Maresca v. Olivo, 819 So.2d 855, 857 (Fla. 5th DCA 2002); Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1389 (Fla. 3d DCA 1986). "[T]he one exception to the rule of absolute finality is rule 1.540, `which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances.'" Bane v. Bane, 775 So.2d 938, 941 (Fla.2000) (quoting Miller v. Fortune Ins. Co., 484 So.2d 1221, 1223 (Fla.1986)). Among those circumstances applicable to this case is compliance with the time limit of rule 1.540(b)(3), which, like other jurisdictional time limits such as the time for filing a notice of appeal or a motion for a new trial, may not be extended for any reason. Fla. R. Civ. P. 1.090(b). Because the Homeowners' motion was untimely filed, the circuit court lacked jurisdiction over the underlying foreclosure action permitting it to entertain a motion seeking to set aside the final judgment of foreclosure. See Hartley v. Andriuli, 595 So.2d 311, 312 (Fla. 2d DCA 1992). Once beyond the reach of rule 1.540(b), the final judgment of foreclosure "passed into the unassailable realm of finality." See Holm v. Demetree, 681 So.2d 868, 869 (Fla. 5th DCA 1996).
The lack of jurisdiction of the trial court "may be considered independently by the appellate court, even if the issue was never raised in the trial court." Stone v. Stone, 873 So.2d 628, 630 n. 1 (Fla. 2d DCA 2004). A trial court's lack of jurisdiction arising under rule 1.540(b) may be the reason for reversal even if the error is raised for the first time on appeal. See Mocegui v. Pub. Serv. Mut. Ins. Co., 821 So.2d 1189, 1191-92 (Fla. 3d DCA 2002) (holding that the trial court lacked jurisdiction to amend a six-year-old final judgment because, among other reasons, the time limit of rule 1.540 had expired, even though both parties believed the trial court had such jurisdiction when they each sought to amend the judgment); Wright v. Scott, 658 So.2d 1215, 1215 (Fla. 1st DCA 1995) (holding that the failure to comply with the jurisdictional time limit of rule 1.540(b) was "fundamental error which can be raised for the first time on appeal"). Therefore, because the circuit court lacked jurisdiction to entertain the motion seeking relief from the final judgment of foreclosure, we are compelled to reverse the order granting relief thereon. Our decision moots the parties' arguments concerning the propriety of the challenged order on its merits.
Reversed.
CASANUEVA and COVINGTON, JJ., Concur.
NOTES
[1] Florida Rule of Civil Procedure 1.540(b) provides five grounds for relief from a final judgment, decree, order, or proceeding, the first three of which are subject to a one-year time limitation. We agree that only the ground specified by rule 1.540(b)(3) was arguably articulated in the Homeowners' motion.

While a claim of intrinsic fraud must be brought under rule 1.540(b)(3), a claim of extrinsic fraudalso known as fraud upon the courtmay be brought under the rule or may be brought at any time as an independent action challenging the final judgment. See generally Cerniglia v. Cerniglia, 679 So.2d 1160, 1163 (Fla.1996). The parties have not addressed the issue of fraud upon the court and we express no opinion thereon.
[2] We reject, without comment, the Homeowners' argument concerning the tolling of the rendition of the final judgment of foreclosure.