WELLS, Judge.
Epicor Software Corporation appeals from an order granting a Rule 1.540(b)(3) motion to set aside a final judgment. We reverse.
On March 3, 2003, Epicor filed a three count complaint against Coopers & Clarke, Inc. claiming damages for an open account, for an account stated and for goods sold and delivered. Coopers filed no answer but sent a facsimile to Epicor claiming no obligation to Epicor and advising Epicor’s attorneys to “contact your client and try to resolve the matter as this lawsuit should not have been filed.” Epicor moved for and was granted a default.
Epicor thereafter filed, and served on Coopers, a motion for entry of a final judgment and accompanying affidavits of indebtedness and costs. On May 30, 2003, final judgment was entered against Coopers on Epicor’s claims. Over one year later, on August 27, 2004, Coopers filed a verified 1.540(b)(3) motion to set aside that judgment claiming that Epicor had “improperly obtained a judgment by failing to bring to the attention of the Court [Coo *1251 pers’] March 13, 2003 answer, which was sent via facsimile with facsimile confirmation requested.” The motion was granted, we reverse.
Rule 1.540 expressly provides that a(b)(3) motion to set aside a final judgment for fraud, misrepresentation, or misconduct “shall be filed ... not more than 1 year after the judgment ... was entered or taken.” Failure to raise this ground within that time deprived the court below of jurisdiction to address this claim:
The trial court’s authority to modify, amend, or vacate an order or final judgment after rendition of the final judgment is limited to the time and manner provided by rule or statute. Under the present rules, after the rendition of the final judgment, the trial court retains jurisdiction for the ten-day period during which a motion for rehearing may be filed and, if filed, until disposition of the motion. The trial court thereafter loses jurisdiction except to enforce the judgment and except as provided by Florida Rule of Civil Procedure 1.540.
Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1388-89 (Fla. 3d DCA 1986) (footnotes and citations omitted); Bank One, N.A. v. Batronie, 884 So.2d 346, 348-49 (Fla. 2d DCA 2004) (“After rendition of a final judgment, the trial court loses jurisdiction over the case except to enforce the judgment and except as provided by rule 1.540. “[T]he one exception to the rule of absolute finality is rule 1.540, ‘which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances.’ ” Among those circumstances ... is compliance with the time limit of rule 1.540(b)(3), which, like other jurisdictional time limits such as the time for filing a notice of appeal or a motion for a new trial, may not be extended for any reason.... Once beyond the reach of rule 1.540(b), [a] final judgment ... ‘passe[s] into the unassailable realm of finality.’ ”) (citations omitted).
Accordingly, we reverse the order granting Coopers’ 1.540(b)(3) motion and remand with directions to reinstate the final judgment.