GROSS, J.
We reverse an order setting aside a final foreclosure judgment pursuant to Florida Rule of Civil Procedure 1.540(b) because the motion was filed beyond the one-year time limit specified in the rule.
On February 25, 2010, an agreed final judgment of foreclosure was entered pursuant to a settlement agreement between the original lender and the appellees. The settlement agreement called for the appel-lees to comply with a payment schedule. When the appellees defaulted, the bank moved to schedule a foreclosure sale.
In December, 2011, the appellees moved to vacate the February 2010 final judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(2) and (3). The motion indicated that the bank committed fraud because the copy of the promissory note attached to the complaint for foreclosure differed from the original note.[1]
The trial court denied the rule 1.540(b) motion and the foreclosure sale remained on schedule. One day before the sale, one of the appellees filed for bankruptcy. After the bankruptcy was dismissed, the foreclosure sale was reset. One day before the rescheduled sale, another appellee filed for bankruptcy. After that bankruptcy was dismissed, the trial court reset the sale, which occurred on August 21, 2012.
On August 31, 2012, the appellees filed an objection to the sale and a rule 1.540(b) motion to vacate the February 2010 final judgment of foreclosure. The motion again claimed that a fraudulent promissory note was attached to the complaint and *902 added the ground that the settlement agreement was unconscionable. The trial court granted the motion.
The trial court was without jurisdiction to grant the August 31, 2012 rule 1.540(b) motion because it was untimely. The motion was untimely because the ap-pellees filed it “more than 1 year” after the February 2010 final judgment. Fla. R. Civ. P. 1.540(b).[2]
“‘After rendition of a final judgment, the trial court loses jurisdiction over the case except to enforce the judgment and except as provided by rule 1.540.’ ” Harbor Cmtys., LLC v. Jerue, 81 So.3d 568, 571 (Fla. 4th DCA 2012) (quoting Bank One, N.A. v. Batronie, 884 So.2d 346, 348 (Fla. 2d DCA 2004)). “[T]he one exception to the rule of absolute finality is rule 1.540, ‘which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances.’” Bane v. Bane, 775 So.2d 938, 941 (Fla.2000) (quoting Miller v. Fortune Ins. Co., 484 So.2d 1221, 1223 (Fla.1986)).
“A motion seeking relief for the reason specified by rule 1.540(b)(3) must be filed not more than one year after rendition of the final judgment.” Bank One, N.A., 884 So.2d at 348 (citations omitted). “Failure to raise this ground within that time deprive[s] the court below of jurisdiction to address this claim[.]” Epicor Software Corp. v. Coopers & Clarke, Inc., 928 So.2d 1249, 1251 (Fla. 3d DCA 2006).
The appellees’ motion did not fall under the exception to the one-year time limit for a rule 1.540(b) motion for “fraud upon the court” since it alleged only intrinsic fraud rather than extrinsic fraud.
“[O]nly extrinsic fraud may constitute fraud on the court.” DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla.1984), superseded, by rule on other grounds as stated in Lefler v. Lefler, 776 So.2d 319, 322 n. 1 (Fla. 4th DCA 2001). In Parker v. Parker, 950 So.2d 388 (Fla.2007), the Florida Supreme Court relied upon DeClaire to distinguish extrinsic fraud from intrinsic fraud, explaining that “extrinsic fraud occurs where a defendant has somehow been prevented from participating in a cause”:
Extrinsic fraud involves conduct which is collateral to the issues tried in a case.... [T]his Court has defined extrinsic fraud as the
prevention of an unsuccessful party [from] presenting his case, by fraud or deception practiced by his adversary; keeping the opponent away from court; falsely promising a compromise; ignorance of the adversary about the existence of the suit or the acts of the plaintiff; fraudulent representation of a party without his consent and connivance in his defeat; and so on.
Id. at 391 (quoting DeClaire, 453 So.2d at 377).
On the other hand, intrinsic fraud
applies to fraudulent conduct that arises within a proceeding and pertains to the issues in the case that have been tried or could have been tried. This Court ...
*903 has expressly held that false testimony given in a proceeding is intrinsic fraud. We have stated that
[i]f a judgment was obtained upon ... a fraudulent instrument and the parties were heard, the evidence submitted to and received consideration by the court, then it may be said that the matter has been actually tried, or was so in issue that it might have been tried and the parties are estopped to set up an intrinsic or direct fraud to vitiate the judgment, because the judgment is the highest evidence and cannot be contradicted by the parties to it.
Id. (quoting DeClaire, 453 So.2d at 377) (emphasis added and omitted). The policy of law that favors the termination of litigation supports a narrow application of the “fraud upon the court” exception to the one-year limit on rule 1.540(b) motions. See Alexander v. First Nat’l Bank of Titusville, 275 So.2d 272, 274 (Fla. 4th DCA 1973).
Here, the appellees’ complaints about the note and the settlement agreement were not claims of extrinsic fraud. Their August 2012 motion was therefore subject to the one year time limit, rendering the circuit court without jurisdiction to grant the motion. We reverse the order granting the rule 1.540 motion and reinstate the final judgment to issue certificate of title to the appellant.

Reversed and remanded.

MAY, J„ and JOHNSON, LAURA, Associate Judge, concur.

. For example, the appellees pointed out that (1) the original note did not have a loan number, while the copy attached to the complaint did, and (2) one of the appellees initialed a “Jury Waiver” provision in the original note and the initials did not appear on the copy.

. A separate reason to reverse is that the motion failed to “specify the fraud with particularity and explain why the fraud, if it exists, would entitle the movant to have the judgment set aside.” Freemon v. Deutsche Bank Trust Co. Americas, 46 So.3d 1202, 1204 (Fla. 4th DCA 2010) (citing Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 (Fla. 4th DCA 1994)). General allegations of fraud will not support a motion to vacate a final judgment. Vilvar v. Deutsche Bank Trust Co. Americas, 83 So.3d 853, 855 (Fla. 4th DCA 2011). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances may permit.” Fla. R. Civ. P. 1.120(b).