DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PEARL VOCE** and **ALLAN VOCE,**
Appellants,

v.

**WACHOVIA MORTGAGE, FSB,**
n/k/a **WELLS FARGO BANK, N.A.,**
Appellee.

No. 4D15-34

[August 26, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. 09-043153 (11).

Samuel D. Lopez of Samuel D. Lopez, P.A., Pembroke Pines, for appellants.

Brandon S. Leon and Michele L. Stocker of Greenberg Traurig, P.A., Fort Lauderdale, for appellee.

LEVINE, J.

Appellants appeal the trial court's order denying their motion to vacate a final judgment of foreclosure for extrinsic fraud upon the court and upon appellants. Because we find that appellants' motion was untimely and improper, we affirm.

Wachovia Mortgage, FSB, appellee, obtained final summary judgment of foreclosure against Pearl Voce and Allan Voce, appellants, on December 15, 2011. Appellants did not appeal. On September 27, 2014, appellants moved to vacate the final judgment for extrinsic fraud. They argued that the subject "Pick-a-Payment" note had "been determined to be a deceptively devised financial product," and that the bank had entered into settlement agreements with various federal entities and state attorneys general—including Florida's attorney general—to avoid criminal

prosecution regarding those loans.[1]  Appellants claimed that pursuant to the agreement between the bank and the State of Florida, the bank agreed to offer funds and assistance to its consumers, such as individuals like appellants, to assist them in modifying their loans to avoid foreclosure. Appellants alleged that the bank's failure to offer them a modification and to disclose the settlement to the court constituted extrinsic fraud, thereby warranting vacation of the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b).  The trial court entered an order denying appellants' motion but resetting the foreclosure sale "to permit the defendant to pursue a loan modification."  Appellants appeal the denial of their motion to vacate.

"The standard of review of an order denying a Rule 1.540(b) motion for relief from judgment is abuse of discretion."  *Fla. Philharmonic Orchestra, Inc. v. Bradford*, 145 So. 3d 892, 894 (Fla. 4th DCA 2014).

"After rendition of a final judgment, the trial court loses jurisdiction over the case except to enforce the judgment."  *Bank One, N.A. v. Batronie*, 884 So. 2d 346, 348 (Fla. 2d DCA 2004).  "[T]he one exception to the rule of absolute finality is rule 1.540, 'which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances.'"  *Id.* at 349 (citation omitted).  Rule 1.540 provides relief for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."  Fla. R. Civ. P. 1.540(b)(3).

A rule 1.540(b)(3) motion "shall be filed within a reasonable time, and [for allegations of fraud] not more than 1 year after the judgment, decree, order, or proceeding was entered or taken."  *Id.*  Florida law requires strict "compliance with the time limit of rule 1.540(b)(3), which, like other jurisdictional time limits such as the time for filing a notice of appeal or a motion for a new trial, may not be extended for any reason."  *Batronie*, 884 So. 2d at 349 (citing Fla. R. Civ. P. 1.090(b)).  "Once beyond the reach of rule 1.540(b), the final judgment of foreclosure 'pass[es] into the unassailable realm of finality.'"  *Id.* (citation omitted).

Here, the final judgment was entered in December 2011.  Appellants' motion to vacate was not filed until almost three years later, in September

---

[1] "The Pick-a-Payment mortgage loan permitted the Borrower to select and make a minimum payment amount for a limited time and subject to certain conditions." Agreement, p. 7.  The full agreement between Wells Fargo and the State of Florida can be viewed on the website of the Office of the Attorney General of Florida.  *See* http://myfloridalegal.com/webfiles.nsf/WF/MRAY-89YKBD/$file/Assurance.pdf.

2014. Thus, the trial court did not have jurisdiction to hear appellants' motion. *See also Epicor Software Corp. v. Coopers & Clarke, Inc.*, 928 So. 2d 1249, 1251 (Fla. 3d DCA 2006) (holding that appellee's failure to challenge the final judgment with allegations of fraud within the one-year time limit of rule 1.540(b) "deprived the court below of jurisdiction to address this claim"); *Metro. Dade Cnty. v. Certain Lands Upon Which Assessments Are Delinquent*, 471 So. 2d 191, 193-94, 193 n.4 (Fla. 3d DCA 1985) (holding that "the trial court did not have jurisdiction in August 1984 to vacate" a November 1981 order because it was "final" and "not subject to modification by the court" which "lost jurisdiction to vacate the order pursuant to Rule 1.540(b) one year after its entry"). Here, "[b]ecause [appellants'] motion was untimely filed, the circuit court lacked jurisdiction over the underlying foreclosure action permitting it to entertain a motion seeking to set aside the final judgment of foreclosure." *Batronie*, 884 So. 2d at 349.

Moreover, even if the motion were timely, it was without merit. The Florida Supreme Court has "recognized that extrinsic fraud involves conduct which is collateral to the issues tried in a case." *Lefler v. Lefler*, 776 So. 2d 319, 321 (Fla. 4th DCA 2001) (citing *DeClaire v. Yohanan*, 453 So. 2d 375, 377 (Fla. 1984)). Extrinsic fraud is defined as:

> prevention of an unsuccessful party [from] presenting his case, by fraud or deception practiced by his adversary; keeping the opponent away from court; falsely promising a compromise; ignorance of the adversary about the existence of the suit or the acts of the plaintiff; fraudulent representation of a party without his consent and connivance in his defeat; and so on. In other words, ***extrinsic fraud occurs where a defendant has somehow been prevented from participating in a cause.***

*Id.* (emphasis added) (quoting *DeClaire*, 453 So. 2d at 377).

Here, nothing establishes that appellants were prevented from presenting their case, kept away from court, or falsely promised a compromise. Further, as asserted by the bank, the agreement was executed between the State of Florida and the bank, and appellants are not parties nor intended third-party beneficiaries. The agreement provides that it "is not intended to confer upon any person any rights or remedies, including rights as a third party beneficiary. This Assurance is not intended to create a private right of action on the part of any person or entity other than the parties hereto." Thus, according to its clear, unambiguous terms, appellants have no rights under it. Furthermore,

3

there is nothing within the language of the subject note or mortgage incorporating the agreement or creating any duty on the bank to offer appellants a modification prior to pursuing foreclosure. Thus, none of appellants' allegations support a finding of extrinsic fraud.

In summary, the trial court did not abuse its discretion in denying appellants' motion to vacate because it was untimely and improper, and even if timely, it was without merit. *See* Fla. R. Civ. P. 1.540(b)(3); *Batronie*, 884 So. 2d at 349; *Epicor*, 928 So. 2d at 1250-51; *Lefler*, 776 So. 2d at 321. Thus, we affirm the trial court's order denying appellants' motion to vacate the final judgment of foreclosure.

*Affirmed.*

STEVENSON and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***