NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANABEL ROMERO, )
)
      Appellant, )
)
v. )    Case No. 2D15-5270
)
WELLS FARGO BANK, N.A., AS )
TRUSTEE FOR THE )
CERTIFICATEHOLDERS OF )
CARRINGTON MORTGAGE LOAN )
TRUST, SERIES 2006-OPT1, ASSET )
BACKED PASS-THROUGH )
CERTIFICATES, )
)
      Appellee. )
_____ )

Opinion filed January 20, 2017.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Sarasota
County; Kimberly Bonner, Judge.

Tonya Willis Pitts and Medisa Memic of
McIntyre Thanasides Bringgold Elliott
Grimaldi & Guito, P.A., Sarasota,
for Appellant.

Kimberly S. Mello and Laura J. Bassini
of Greenberg Traurig, Tampa,
for Appellee.


LUCAS, Judge.

Anabel Romero appeals the circuit court's order denying her motion to vacate a final judgment of foreclosure, a judgment she claims was procured through extrinsic fraud upon the court. Because her motion was filed more than one year after rendition of the judgment, the circuit court was precluded from ruling on the motion's merits. Under the law, the circuit court could only dismiss the untimely motion, and for that reason we must vacate the court's order.[1]

Wells Fargo obtained a final judgment of foreclosure against Ms. Romero on August 6, 2012, when she failed to appear at the scheduled nonjury trial. On March 30, 2015, more than a year and a half later, Ms. Romero moved to vacate the final judgment under Florida Rule of Civil Procedure 1.540(b)(3). In her motion, Ms. Romero alleged that her failure to attend the trial was the result of Wells Fargo's counsel's misrepresentation to the presiding judge that she and her attorney were not present in the court when her case was called. Ms. Romero argued that this misrepresentation amounted to fraud upon the court, which allowed Wells Fargo to improperly obtain a final judgment in her absence. The circuit court held a hearing on Ms. Romero's motion to vacate, and, on October 29, 2015, denied the motion without elaboration.

Rule 1.540(b)(3) permits a trial court to relieve a party from a final judgment for "fraud . . . , misrepresentation, or other misconduct of an adverse party." A

---

[1]Although neither party raised this issue on appeal, a circuit court's lack of jurisdiction "may be considered independently by the appellate court, even if the issue was never raised in the trial court." Stone v. Stone, 873 So. 2d 628, 630 n.1 (Fla. 2d DCA 2004); cf. Wright v. Scott, 658 So. 2d 1215, 1215 (Fla. 1st DCA 1995) (holding that the failure to comply with the jurisdictional time limit of rule 1.540(b) was "fundamental error which can be raised for the first time on appeal").

rule 1.540(b)(3) motion "shall be filed . . . not more than [one] year after the judgment . . . was entered."

Florida case law applies this rule as a jurisdictional boundary for a trial court. Ordinarily, once a final judgment is entered, "the trial court loses jurisdiction over the case except to enforce the judgment." Bank One Nat'l Ass'n v. Batronie, 884 So. 2d 346, 348 (Fla. 2d DCA 2006). "[T]he one exception to the rule of absolute finality is rule 1.540, 'which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances.' " Bane v. Bane, 775 So. 2d 938, 941 (Fla. 2000) (quoting Miller v. Fortune Ins. Co., 484 So. 2d 1221, 1223 (Fla. 1986)). "Among those circumstances . . . is compliance with the time limit of rule 1.540(b)(3), which, like other jurisdictional time limits such as the time for filing a notice of appeal or a motion for new trial, may not be extended for any reason." Batronie, 884 So. 2d at 349 (citing Fla. R. Civ. P. 1.090(b)). "Once beyond the reach of rule 1.540(b), the final judgment of foreclosure 'pass[es] into the unassailable realm of finality.' " Id. (quoting Holm v. Demetree, 681 So. 2d 868, 869 (Fla. 5th DCA 1996)).

Here, the final judgment of foreclosure was entered in August 2012. Ms. Romero's motion was not filed until over one and a half years later. The circuit court was without jurisdiction to entertain her motion on its merits; it could do nothing more than dismiss Ms. Romero's motion as untimely. Cf. Miller, 484 So. 2d at 1223-24 ("[A]ll rules of jurisdiction inherently provide authority for the court to assume jurisdiction for the limited purpose of determining whether a basis exists for the court to proceed further."). Accordingly, we must vacate the order denying Ms. Romero's motion with

instructions to enter an order dismissing Ms. Romero's motion as untimely filed under rule 1.540(b)(3).

Vacated and remanded with instructions.

MORRIS and ROTHSTEIN-YOUAKIM, JJ., Concur.