# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1419
Lower Tribunal No. 14-12888
_____

**Esther Urrea,**
Appellant,

vs.

**Jeffrey Koplow, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

The Law Office of Kathleen A. Daly, P.A., and Kathleen A. Daly (West Palm Beach); Schwartz, Sladkus, Reich, Greenberg, Atlas, LLP, Jonathan Mann and Robin Bresky (Boca Raton), for appellant.

Grumer Law, P.A. and Keith T. Grumer (Weston), for appellees.

Before FERNANDEZ, C.J., and EMAS, and MILLER, JJ.

FERNANDEZ, C.J.

Esther Urrea appeals the trial court's order denying Urrea's Florida Rule of Civil Procedure 1.540(b)(5) post-sale relief motion in favor of Jeffery Koplow and the Precinct of MDPD, Inc. (collectively, "Koplow"). Because the trial court abused its discretion in relying on inapplicable case law to quickly dismiss Urrea's motion for relief without conducting a Rule 1.540(b)(5) analysis, we reverse and remand the order on appeal for that purpose.

In 2014, Koplow brought a breach of contract action against Urrea and Snack Time Catering, LLC. Koplow sued Urrea individually and as managing member of Snack Time. On July 21, 2016, the trial court awarded the initial final judgment against Snack Time in the amount of $194,485.17.[1] Subsequently, Koplow commenced proceedings supplementary following discovery that Urrea had allegedly transferred Snack Time's assets to herself on the eve of the final judgment against Snack Time. Following a two-day jury trial, on November 26, 2017, the trial court entered the proceedings supplementary judgment against Urrea personally in the amount of $58,200.00.

Thereafter, the parties entered into a global settlement agreement ("GSA") attempting to resolve both judgments against Urrea and Snack

---

[1] Snack Time appealed the initial final judgment, but this Court dismissed the appeal for failure to file an initial brief.

2

Time. Under the GSA, Koplow agreed to discount both judgments upon a onetime payment of $102,500.00 to be received on Tuesday, March 27, 2018. Urrea and Snack Time defaulted in their performance of the GSA by failing to wire the funds by that date. On March 28, 2018, Koplow notified Urrea of the default. Despite notification, Urrea proceeded with wiring approximately $100,000.00 to Koplow, which was received eight days later on April 4, 2018. Urrea did not specify how the $100,000.00 should be applied to the remaining debt. As a result, Koplow applied the amount towards the older of the two debts, the Snack Time judgment for $194,485.17.

On January 29, 2018, an original writ of execution was issued on the proceedings supplementary judgment. Koplow docketed the writ in Broward County, where Urrea owned non-homestead real property.[2] On June 5, 2018, the Broward property was auctioned in a sheriff's sale to Koplow as the highest bidder. On July 19, 2019, the Broward circuit court granted

[2] Urrea sought judicial relief from the trial court in her motion to postpone or cancel the sale of her Broward property, but the trial court denied the motion finding no showing of inequitable conduct. Urrea appealed the order, and this Court affirmed the denial in Urrea v. Koplow, 276 So. 3d 464 (Fla. 3d DCA 2019). Urrea sought review in the Florida Supreme Court, but the Court declined to accept jurisdiction.

summary judgment quieting title in favor of Koplow. Koplow also sought Writs of Garnishment, freezing Urrea's funds.

Urrea filed a "Corrected Amended Motion Seeking Relief From Judgment Based on Her Satisfaction of That Judgment and Related Relief in the Form of Return of Monies and Property Wrongfully" ("post-sale relief motion"). The post-sale relief motion sought relief pursuant to Florida Rule of Civil Procedure 1.540(b)(5).[3] Urrea argued that her $100,000.00 payment satisfied her proceedings supplementary judgment under the GSA.

Following an evidentiary hearing on the post-sale relief motion, the trial court denied the motion after making multiple findings. The trial court determined that because Urrea failed to provide instructions on how to apply the $100,000.00 payment, it was within Koplow's discretion to apply the funds to the oldest judgment. As to the application of Rule 1.540(b)(5), the

---

[3]

> The general principles governing the motion to vacate under Rule 1.540 include the rule that the motion is addressed to the sound judicial discretion of the trial court. The general purpose of the rule is to enable the court to grant relief against an unjust decree, and should be liberally construed to advance such remedy. Relief under the rule is typically available only under extraordinary circumstances.

Cutler Ridge Corp. v. Green Springs, Inc., 249 So. 2d 91, 93 (Fla. 3d DCA 1971).

4

trial court stated, "The question for this Court is whether to disturb [the application of the funds to the Snack Time judgment] and require retroactively, pursuant to Fla. R. Civ. Pro. 1.540(b)(5), different treatment. Based upon long-established Florida case law, this Court declines to do so." In relying on these cases, the trial court asserted, "The Court need not address the sufficiency of the Motion under Fla. R. Civ. P. 1.540(b)(5); nor does the Court reach the issue of the timeliness of the Motion." This appeal followed.

The standard of review of a trial court's denial of a motion for relief under Florida Rule of Civil Procedure 1.540 is an abuse of discretion. <u>Voce v. Wachovia Mortg., FSB</u>, 174 So. 3d 545, 547 (Fla. 4th DCA 2015).

The trial court abused its discretion by relying on inapplicable case law in avoiding a Rule 1.540(b)(5) analysis and in denying Urrea's post-sale relief motion. These long-established cases upon which the trial court relied stand for the proposition that if a single debtor did not specify how funds were to be applied, then the creditor was free to apply the funds to whichever of the debtor's multiple debts or judgments it desired. <u>See</u> <u>All Cargo Transp., Inc. v. Fla. E. Coast Ry. Co.</u>, 355 So. 2d 178, 179 (Fla. 3d DCA 1978) ("The law is equally well-settled that where a debtor sends money to his creditor without specifically designating to which debt the funds should be

applied, the creditor is free to apply such undesignated funds to whatever debt or debts are owed to him by the debtor."); White Constr. Co. v. DuPont, 478 So. 2d 485 (Fla. 1st DCA 1985) (finding that the creditors were free to apply the undesignated amount to any of the debtor's judgments); Winchester v. Fla. Elec. Supply, Inc., 161 So. 2d 668, 669 (Fla. 2d DCA 1964) (affirming judgment where debtor's payments were applied by creditor to debtor's multiple debts); Turner Produce Co. v. Lake Shore Growers Co-op. Ass'n, 217 So. 2d 856 (Fla. 4th DCA 1969) (Where creditor had no specific instructions from debtor as to application of funds received, nor any knowledge as to source of such funds, it was able to make application of payments received from debtor, who owed two debts to creditor, in whatever manner it desired.). In all of these cases, the single debtor had multiple debts or judgments against him or her. Conversely, the instant case involves two separate judgments and two separate debtors, where Urrea has only one judgment against her.[4] Therefore, because the case law that the trial court relied upon is inapplicable to the facts of this case, the trial court erred in failing to conduct a Rule 1.540(b)(5) analysis.

---

[4] "[T]he corporate veil may not be pierced absent a showing of improper conduct." Dania Jai-Alai Palace, Inc. v. Sykes, 450 So. 2d 1114, 1121 (Fla. 1984)

6

Because the trial court abused its discretion when it relied on inapplicable case law to explicitly avoid a Rule 1.540(b)(5) analysis, we reverse and remand the order on appeal for the trial court to make a Rule 1.540(b)(5) determination.

Reversed and remanded with instructions.