DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LARRY KLAYMAN,**
Appellant,

v.

**PORTFOLIO MEDIA, INC.,** et al.,
Appellees.

No. 4D2025-1677

[May 6, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John Joseph Parnofiello, Judge; L.T. Case No. 502024CA010447XXXAMB.

Larry Elliot Klayman, Boca Raton, pro se.

Rachel Elise Fugate and Yelan Escalona of Shullman Fugate PLLC, Tampa, for appellees.

SHEPHERD, J.

Appellant, Larry Klayman, seeks review of the circuit court's (1) order granting appellees' motion to dismiss the amended complaint and determining entitlement to attorney's fees, and (2) order denying Klayman's motion for rehearing. For the reasons discussed below, we affirm.

**Facts**

Klayman initially filed a defamation action against Portfolio Media, Inc. (d/b/a Law360), Khorri Atkinson, and Hailey Konnath (collectively, the "Media Defendants"). The defamation action was based on six allegedly defamatory statements published in Law360 articles concerning Klayman's disciplinary proceedings and suspension from the practice of law in Washington, D.C.

One statement reported that a circuit judge had described the issue before another judge as whether Klayman had "committed fraud" when the judge had, in fact, said "withdrew." The Media Defendants asserted that

this statement resulted from a transcription error and was corrected after publication.

The Media Defendants moved to dismiss the defamation complaint, arguing that most statements were protected by the fair-report privilege, and no statements were defamatory or published with actual malice. Following a hearing, the initial circuit court ("Defamation Court") dismissed the action with prejudice, concluding that five statements were privileged and the remaining statement was not defamatory as a matter of law. We affirmed the dismissal.

More than two years later, Klayman filed the present action under Florida Rule of Civil Procedure 1.540 against the Media Defendants and their counsel (collectively, the "appellees"). The complaint alleged that the appellees committed fraud on the court by arguing in the defamation case that the disputed statement was a transcription error and not made with actual malice.

The appellees moved to dismiss, asserting that the claim was time-barred and substantively deficient. Klayman filed an amended complaint adding allegations that the alleged fraud led to a subsequent attorney's fees award. The appellees again moved to dismiss, citing Florida's anti-SLAPP statute as an additional basis for relief.

The circuit court granted the motion, concluding that the alleged misconduct constituted intrinsic fraud subject to rule 1.540's one-year limitation, the claim lacked substantive merit, and the action violated the anti-SLAPP statute. The circuit court found the appellees entitled to attorney's fees and denied rehearing. This appeal followed.

**Discussion**

We review an order granting a motion to dismiss de novo. *Edwards v. Landsman*, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011). "In reviewing an order granting a motion to dismiss . . . [an appellate] court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true." *Swerdlin v. Fla. Mun. Ins. Tr.*, 162 So. 3d 96, 97 (Fla. 4th DCA 2014) (quoting *Edwards*, 51 So. 3d at 1213).

I.     Rule 1.540's Procedural Requirements

Klayman first argues that his rule 1.540 action was not procedurally improper and, therefore, not time-barred.

Florida Rule of Civil Procedure 1.540(b)(3) permits relief from a final judgment based on fraud, but requires that such claims be raised within one year of the challenged judgment. Although courts retain authority to entertain independent actions for fraud upon the court, that remedy is limited to cases involving extrinsic fraud. *See Parker v. Parker*, 950 So. 2d 388, 392 (Fla. 2007); *DeClaire v. Yohanan*, 453 So. 2d 375, 377 (Fla. 1984) ("[O]nly extrinsic fraud may constitute fraud on the court."), *superseded by rule on other grounds* as stated in *Lefler v. Lefler*, 776 So. 2d 319, 322 n.1 (Fla. 4th DCA 2001).

Florida courts distinguish intrinsic from extrinsic fraud based on whether the alleged conduct prevented a party from fully presenting a case. Extrinsic fraud occurs where a party is deprived of the opportunity to participate in the proceeding. *See Parker*, 950 So. 2d at 391; *Voce v. Wachovia Mortg.*, 174 So. 3d 545, 548 (Fla. 4th DCA 2015); *Fair v. Tampa Elec. Co.*, 27 So. 2d 514, 515 (Fla. 1946); *NAFH Nat'l Bank v. Aristizabal*, 117 So. 3d 900, 902 (Fla. 4th DCA 2013); *Greenwich Ass'n, Inc. v. Greenwich Apartments, Inc.*, 979 So. 2d 1116, 1118 (Fla. 3d DCA 2008); *Se. Bank, N.A. v. Almeida*, 693 So. 2d 1015, 1019 (Fla. 3d DCA 1997).

To establish extrinsic fraud, or "fraud on the court," the alleged misconduct must go to the case's core issue and be supported by clear and convincing evidence of an unconscionable scheme designed to interfere with the judicial process. *See, e.g., Beselear v. Avatar Prop. & Cas. Ins. Co.*, 291 So. 3d 137, 140 (Fla. 4th DCA 2020). We have stated:

> [T]he extreme sanction of dismissal [for fraud on the court] should be imposed only where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier [of fact] or unfairly hampering the presentation of the opposing party's claim of defense. The scheme must go to the very core issue at trial.

*Gilbert v. Eckerd Corp. of Fla., Inc.*, 34 So. 3d 773, 775 (Fla. 4th DCA 2010) (internal and external citations omitted); *cf. Bob Montgomery Real Est. v. Djokic*, 858 So. 2d 371, 374 (Fla. 4th DCA 2003) (reversing dismissal where evidence of misconduct was "tenuous and conflicting"); *Bertrand v. Belhomme*, 892 So. 2d 1150, 1153 (Fla. 3d DCA 2005) (reversing dismissal where the record did not establish an intent to deceive or willful bad faith).

"[I]ntrinsic fraud, on the other hand, applies to fraudulent conduct that arises within a proceeding and pertains to the issues in the case that have

been tried or could have been tried." *Parker*, 950 So. 2d at 391 (citation omitted); *Johnson v. Wells*, 73 So. 188, 191 (Fla. 1916); *Wescott v. Wescott*, 444 So. 2d 495, 497 (Fla. 2d DCA 1984). Such matters must be raised within the one-year limitation enumerated in Florida Rule of Civil Procedure 1.540(b). *See Arrieta-Gimenez v. Arrieta-Negron*, 551 So. 2d 1184, 1185 (Fla. 1989); *Guerriero v. Schaub*, 579 So. 2d 370, 371 (Fla. 4th DCA 1991).

Here, the alleged misconduct—the appellees' litigation position regarding a transcription error and lack of actual malice—occurred entirely within the defamation proceeding and addressed issues squarely before the Defamation Court. Klayman actively participated in that proceeding, presented argument, and received an adverse ruling on the merits.

The limitation or denial of discovery occurring after the lawsuit was dismissed also does not transform intrinsic fraud into extrinsic fraud. The record reflects that the Defamation Court correctly dismissed the defamation action on legal grounds, concluding that the claims failed as a matter of law. These circumstances confirm that Klayman was not deprived of his day in court. *See Almeida*, 693 So. 2d at 1020.

Because the allegations concern intrinsic fraud, rule 1.540(b)'s one-year limitation applies and renders the allegations untimely.

Klayman next contends that his claim is timely because it was filed within one year of subsequent attorney's fees orders. This argument fails because rule 1.540 measures timeliness from the entry of the challenged judgment, not from later collateral proceedings. Fla. R. Civ. P. 1.540(b); *see also Lyons Heritage of Tampa, LLC v. Phillips*, 385 So. 3d 656, 661 (Fla. 2d DCA 2024). Allowing otherwise would undermine the finality of judgments. *See Romero v. Wells Fargo Bank, N.A.*, 209 So. 3d 633, 635 (Fla. 2d DCA 2017).

Accordingly, the circuit court properly dismissed the action as untimely.[1]

II.    Anti-SLAPP Statute

---

[1] Klayman also argues that, in addition to timely filing his rule 1.540 motion, he sufficiently alleged fraud in the motion. As discussed above, however, the motion was not timely filed, and we need not address the substantive merit of his intrinsic fraud claims.

4

Klayman further argues that Florida's anti-SLAPP statute does not apply as a basis for an award of attorney's fees.

Florida's anti-SLAPP statute, section 768.295(3), Florida Statutes (2024), prohibits claims that are both "without merit" and brought "primarily because" the opposing party "exercised the constitutional right of free speech in connection with a public issue." § 768.295(3), Fla. Stat. (2024). The statute was enacted to protect participation in matters of public concern and to provide an expeditious remedy, including mandatory attorney's fees, when a party is subjected to retaliatory litigation. § 768.295(1), (4), Fla. Stat. (2024). We, and other Florida appellate courts, have emphasized that the statute creates a substantive right not to be burdened by meritless suits targeting protected activity. *See WPB Residents for Integrity in Gov't, Inc. v. Materio*, 284 So. 3d 555, 558–59 (Fla. 4th DCA 2019); *see also McQueen v. Baskin*, 377 So. 3d 170, 175–76 (Fla. 2d DCA 2023).

Klayman's claims meet the first prong of the anti-SLAPP statute. The conduct giving rise to Klayman's motion—news reporting on attorney disciplinary proceedings and litigation advocacy—falls within the statute's definition of protected activity.

The anti-SLAPP statute applies broadly to "any lawsuit, cause of action, claim, cross-claim, or counterclaim" that targets protected speech, therefore including Klayman's rule 1.540 motion. § 768.295(3), Fla. Stat. (2024). The statute defines "free speech in connection with public issues" to include statements made before a governmental entity or in connection with issues under its review, as well as statements made in or in connection with news reports and similar expressive works. § 768.295(2)(a), Fla. Stat. (2024).

Here, the Media Defendants' publications reported on attorney disciplinary proceedings, matters adjudicated through the judicial branch and implicating the regulation of the legal profession, and therefore constitute speech made in connection with issues under governmental review. Likewise, their counsel's arguments and filings in defending the defamation action constitute statements made before a governmental entity. Because Klayman's claim is predicated entirely on that reporting and litigation conduct, it necessarily targets protected activity and was brought "primarily because" of the appellees' exercise of their constitutional rights within the meaning of the statute. *See* § 768.295(3), Fla. Stat. (2024); *see also* § 768.295(1) ("It is the public policy of this state that a person or governmental entity not engage in SLAPP suits because such actions are inconsistent with the right of persons to exercise such

constitutional rights of free speech in connection with public issues.").

The circuit court also correctly found that Klayman met the anti-SLAPP statute's second prong—Klayman's rule 1.540 motion substantively lacked merit.[2]

Here, Klayman argues that, by asserting that the allegedly defamatory statement resulted from an unintentional transcription mistake, the appellees misled the Defamation Court into finding an absence of actual malice. Klayman's allegations, however, do not identify facts demonstrating an intent to deceive, willfulness, or bad faith. *See E.I. DuPont de Nemours & Co. v. Sidran*, 140 So. 3d 620, 650 (Fla. 3d DCA 2014); *Bob Montgomery*, 858 So. 2d at 374. Instead, Klayman argues that a transcription error by a notable publication would be "unheard of," and that the Defamation Court nonetheless relied on this explanation. Such speculation, without supporting factual allegations of deliberate misconduct, is insufficient to establish fraud upon the court. *See, e.g.*, *Djokic*, 858 So. 2d at 374.

Moreover, the premise of Klayman's complaint is contradicted by the dismissal order in the earlier defamation action. Klayman asserts that the appellees induced the circuit court to find an absence of actual malice. The order, however, does not address actual malice. Rather, the circuit court dismissed the action on the grounds that five of the six statements were protected by the fair-report privilege and that the remaining statement was not defamatory as a matter of law. Because the dismissal rested on privilege and non-defamatory meaning—not actual malice—the challenged ruling did not rely on the appellees' alleged misrepresentation concerning the transcription error.

Nor does the record indicate that the alleged misrepresentation concerned a central issue underlying the disposition. *See Gilbert*, 34 So. 3d at 775 ("The scheme must go to the very core issue at trial."). Because the dismissal rested on legal grounds unrelated to actual malice, the alleged transcription-error explanation could not have been dispositive. *Id.*

---

[2] Klayman suggests that the anti-SLAPP statute's "without merit" requirement is equivalent to the "frivolous" requirement for imposing sanctions under section 57.105, Florida Statutes (2024). A claim, however, may lack legal merit even if not sanctionable under section 57.105. *See, e.g., Flynn v. Wilson*, 398 So. 3d 1103 (Fla. 2d DCA 2024); *see also Mastandrea v. Snow,* 333 So. 3d 326 (Fla. 1st DCA 2022).

6

Accordingly, the allegations do not establish fraud on the court but instead reflect an attempt to relitigate issues previously resolved adversely to Klayman.

Because the claim is both meritless and directed at protected activity, the anti-SLAPP statute applies. The statute supports an award of attorney's fees to the prevailing party.

We affirm the order dismissing the amended complaint and determining appellees' entitlement to attorney's fees.

*Affirmed.*

LEVINE and FORST, JJ., concur.

\*     \*     \*

**Not final until disposition of timely-filed motion for rehearing.**