FULMER, Judge.
 

 Aurelio Gonzalez appeals his convictions for second-degree murder and aggravated child abuse. We reverse and remand for the trial court to reconsider Gonzalez’s pro se motion to withdraw his plea.
 

 In his motion to withdraw plea, Gonzalez alleged that his counsel gave improper legal advice. In accordance with this court’s precedent, the trial court dismissed the motion as a nullity because Gonzalez did not include an unequivocal request to discharge counsel. While this case was pending on appeal, the supreme court decided
 
 Sheppard, v. State,
 
 17 So.3d 275, 277 (Fla. 2009), in which the court recognized a limited exception to the rule of striking pro se pleadings as nullities “where a defendant files a pro se motion to withdraw a plea pursuant to rule 3.170(7), which contains specific allegations that give rise to an adversarial relationship, such as misadvice, affirmative misrepresentations, or coercion that led to the entry of the plea.” The supreme court directed that the trial court is required “to conduct a limited inquiry to determine whether an adversarial relationship exists such that defense counsel can no longer continue to represent his or her client at a hearing in which counsel will likely be an adverse witness.”
 
 Id.
 
 at 277 (footnote omitted).
 

 Because
 
 Sheppard
 
 addresses the situation presented by Gonzalez’s pro se motion, we reverse and remand with directions to reconsider the motion to withdraw plea based on the procedure outlined in
 
 Sheppard.
 

 Reversed and remanded for further proceedings.
 

 KHOUZAM and MORRIS, JJ., Concur.