STEVENSON, J.
Appellant filed a petition to determine the incapacity of her grandfather and challenges an order of the trial court requiring her to pay the fees of the examining committee. Because we find that the instant appeal was not timely brought, we dismiss for lack of jurisdiction.
On February 4,2010, the trial court rendered its order dismissing the appellant’s petition for incapacity and an “Order for Payment of Fees.” The fee order required appellant to pay $300 and $250, *134 respectively, to the named physicians and to provide the court with proof of payment within thirty days. This February 4, 2010 fee order was a final, appealable order. Cf. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974) (“Generally, the test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected.”); Baron v. Provencial, 908 So.2d 526, 527-28 (Fla. 4th DCA 2005) (recognizing that finality of order is not affected by trial court’s retention of jurisdiction to enforce the order). As such, appellant had ten days to serve her motion for rehearing. See Fla. Prob. R. 5.020(d). Appellant did not serve her “Notice of Letter to Judge Conner,” attacking the order requiring her to pay the examining committee members’ fees, and her “Objection to Payment of Fees of Examining Committee Members” until March 26, 2010. The motion for rehearing was thus untimely and could not have served to toll rendition of the fee order and extend the time for the taking of an appeal. See Fla. R. App. P. 9.020(h) (recognizing that an authorized and timely motion for rehearing serves to toll rendition of final order).
Further, once the ten days for rehearing expired, the trial court lost jurisdiction to do anything other than enforce the fee order previously entered. See Epi-cor Software Corp. v. Coopers & Clarke, Inc., 928 So.2d 1249, 1250 (Fla. 3d DCA 2006). Thus, the trial court’s subsequent entry of an “Amended Final Judgment” could not serve to revive the appellant’s right to appeal the propriety of the trial court’s ruling requiring her to pay the fees.
Accordingly, the instant appeal is dismissed for lack of jurisdiction. See Fla. R. App. P. 9.110(b) (requiring notice of appeal to be filed within thirty days of rendition of order appealed); Miami-Dade County v. Peart, 843 So.2d 363, 364 (Fla. 3d DCA 2003) (recognizing that failure to file notice of appeal within thirty days “ ‘constitutes an irremediable jurisdictional defect’ ”) (quoting First Nat’l Bank in Fort Myers v. Fla. Unemployment Appeals Comm’n, 461 So.2d 208, 208 (Fla. 1st DCA 1984)).
GROSS and GERBER, JJ., concur.