KHOUZAM, Judge.
Dwight Ross, the Former Husband, appeals the final judgment of dissolution of his marriage to Elaine Ross. He argues that the trial court erred in denying his motion for rehearing and amendment of judgment as untimely. Because his motion was timely served, we reverse the denial and remand for consideration of the motion on the merits. This disposition renders the remaining issues on appeal moot.
The trial court filed a Final Judgment of Dissolution of Marriage and Other Relief on December 13, 2010. The Former Husband, who is incarcerated, provided a motion for rehearing and amendment of judgment to prison officials on December 21, 2010. On January 6, 2011, the trial court denied the Former Husband’s motion as untimely.
Florida Family Law Rule of Procedure 12.530 provides that “Motions for new trial and rehearing and amendments of judgments shall be governed by Florida Rule of Civil Procedure 1.530.” Florida Rule of Civil Procedure 1.530(b) specifies that motions for rehearing “shall be served not later than 10 days after ... the date of filing of the judgment.” The same period of time applies for motions to amend the judgment. See Fla. R. Civ. P. 1.530(g).
In Florida, courts presume a legal document from an incarcerated person was timely served and filed if “it contained a certificate of service showing that the document was placed into the hands of prison officials for mailing on a specific date and if the document would have been timely filed or served had it been received by the court on that date.” Wimbush v. Pasco Cnty. Sheriff's Office, 829 So.2d 296, 297 (Fla. 2d DCA 2002) (citing Thompson v. State, 761 So.2d 324, 326 (Fla.2000)). This “mailbox rule” applies to documents from inmates in both civil and criminal cases. Id. (citing Griffin v. Sistuenck, 816 So.2d 600 (Fla.2002)).
Here, the Former Husband’s motion was timely served. The Final Judgment was filed December 13, 2010, and the Former Husband’s motion bears a stamp and certificate of service indicating that it was provided to prison officials on December 21, 2010. Accordingly, the motion was timely served and we remand for the trial court to consider it on the merits.
Reversed and remanded.
NORTHCUTT and BLACK, JJ., Concur.