PER CURIAM.
Itzhak Bak appeals the trial court’s order denying his motion for reconsideration of a status report order regarding reunifi *524 cation. We dismiss Itzhak’s appeal as untimely.
A notice of appeal must be filed within thirty days of the date an order is rendered, i.e., signed and filed with the clerk. Fla. R. App. P. 9.110(b), 9.020(h). The status report order Itzhak seeks to appeal was rendered on April 19, 2012, and the notice of appeal was filed on June 8, 2012, or fifty-one days after the status report order was rendered.
Before appealing, Itzhak moved for reconsideration of the status report order, and the trial court entered an order denying the motion. The order denying the motion for reconsideration was rendered on May 14, 2012, which was less than thirty days before the notice of appeal was filed. But while a timely motion for rehearing will suspend rendition of a final order until entry of the order disposing of the motion for rehearing, Fla. R. App. P. 9.020(h), a motion for rehearing does not suspend rendition of a non-final order because rehearing is not authorized for non-final orders. See Wegner v. Schillinger, 921 So.2d 854, 855 (Fla. 4th DCA 2006). The status report order entered by the trial court was not a final order ending the reunification proceedings; the order provided in part that there would be no further efforts to have Itzhak spend time with the children “until further written agreement of both parents and the GAL or until further Order of the court” and predicated future contact between Itzhak and the children upon the agreement of the therapists working with the children and Itzhak.
Failing to file a notice of appeal within the time limits “constitutes an irremediable jurisdictional defect.” Hunt v. Forbes, 65 So.3d 133, 134 (Fla. 4th DCA 2011). Because Itzhak failed to file the notice of appeal within thirty days of the rendition of the status report, we are required to dismiss his appeal for lack of jurisdiction.

Dismissed.

MAY, C.J., TAYLOR and CONNER, JJ., concur.