NORTHCUTT, Judge.
Willie Sculloek appeals the dismissal with prejudice of his civil action alleging false arrest by a sheriffs deputy. We reverse.
Scullock’s suit was based on an allegedly false arrest that occurred on April 9, 2007. A cause of action for false arrest accrues on the day of the arrest. Leatherwood v. City of Key West, 347 So.2d 441, 442 (Fla. 3d DCA 1977) (citing Gordon v. City of Belle Glade, 132 So.2d 449 (Fla. 2d DCA 1961)). The statute of limitations for actions based on false arrest is four years. § 95.11(3)(o), Fla. Stat. (2010). Measuring from the date of the arrest, the four-year period ended on April 9, 2011, which was a Saturday. Thus, the statute of limitations for this suit would have expired on Monday, April 11, 2011. See Fla. R. Civ. P. 1.090(a); Fla. R. Jud. Admin. 2.514(a)(1)(C).
Scullock’s complaint was filed on April 12, 2011, but the certificate of service was dated April 6, 2011. Sculloek was in jail *1209 on that date, and the complaint was notarized by a Hillsborough County deputy on that date. Under the so-called mailbox rule, the timeliness of a pro se inmate’s pleading is measured from the date the inmate places the document in the hands of the prison (or jail) official for mailing. Haag v. State, 591 So.2d 614 (Fla.1992) (citing United States Supreme Court’s adoption of mailbox rule in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). A pro se inmate’s certificate of service creates a rebuttable presumption that the document was placed in the official’s hands on that date. Thompson v. State, 761 So.2d 324, 325 (Fla.2000). According to the unrebutted certificate of service in this case, Scullock’s complaint is deemed to have been filed on April 6, 2011. It was therefore timely, and the circuit court erred by dismissing the action based on the statute of limitations.
The Sheriff argues that Scullock’s reliance on the mailbox rule is unavailing because this is a civil proceeding. But he cites no authority for this proposition, and we have found no cases limiting the mailbox rule to criminal proceedings. To the contrary, this court and the Florida Supreme Court have applied the rule in a variety of civil contexts. See Griffin v. Sistuenck, 816 So.2d 600, 601 (Fla.2002) (mailbox rule applied to filing of notice of appeal from dismissal of civil rights suit); Ross v. Ross, 93 So.3d 495, 496 (Fla. 2d DCA 2012) (applying mailbox rule to service of pro se inmate’s motion for rehearing and for amendment of final judgment of dissolution of marriage); Wimbush v. Pasco Cnty. Sheriff's Office, 829 So.2d 296, 297 (Fla. 2d DCA 2002) (rule applied to prisoner’s motion for rehearing directed to dismissal of his replevin action); Martin v. Dep’t of Revenue ex rel. Martin, 827 So.2d 367, 368 (Fla. 2d DCA 2002) (rule applied to prisoner’s petition for administrative hearing in proceeding for nonpayment of child support).
Scullock timely filed his lawsuit within the statute of limitations. We therefore reverse the order of dismissal and remand for further proceedings.
CASANUEVA and SILBERMAN, JJ., Concur.