NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KARL KERR, JR.,                            )
                                           )
       Appellant,                   )
                                           )
v.                                         )          Case No. 2D14-1256
                                           )
STATE OF FLORIDA,                          )
                                           )
       Appellee.                    )
_____)

Opinion filed September 12, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Roger A. Alcott, Judge.

Karl Kerr, Jr., pro se.

PER CURIAM.

       Karl Kerr Jr. filed timely motions for postconviction relief under Florida

Rule of Criminal Procedure 3.850 in two circuit court cases, numbers 2010-CF-8438

and 2011-CF-1183, on approximately August 16, 2013.  The motion in case number

2011-CF-1183 was denied on the merits, and we affirm without comment the

postconviction court's orders directed to this motion.  However, the motion in case

number 2010-CF-8438 was dismissed as untimely and successive.  Because the

motion appears to have been timely filed under the mailbox rule, we reverse and

remand for the postconviction court to reconsider the motion.

The motion filed in case number 2010-CF-8438 was dismissed twice for facial insufficiency. The second dismissal order found Kerr's claim that his counsel was ineffective for waiving his speedy trial rights was facially insufficient and gave him thirty days from September 18, 2013, to amend the claim. Kerr then filed an amended motion, although it was not titled as such. This amended motion arrived for filing in the circuit court on November 27, 2013. However, the certificate of service and a corrections facility date stamp on the motion reflect that it was filed on September 27, 2013. The postconviction court, without addressing the timeliness of this motion, ordered the State to respond to the claim of ineffective assistance of counsel regarding Kerr's speedy trial rights.

Citing the circuit court filing date of November 27, 2013, the State responded that the amended motion was untimely filed beyond the court-ordered time limit and beyond the two-year filing period of rule 3.850, which expired on September 13, 2013. In addition, the State noted that after the order to show cause was issued, Kerr attempted to amend his motion again but the postconviction court denied the motion to amend on the ground that it had already issued an order to show cause to the State. The State concluded that the first amended motion was untimely and that the claim of ineffective assistance of counsel regarding Kerr's speedy trial waiver was otherwise successive. The postconviction court adopted the State's position without further elaboration in its final order denying the motion. Neither the postconviction court nor the State addressed the inconsistency between the date on the certificate of service and the actual filing date of the amended motion.

Under the prisoner mailbox rule, the timeliness of Kerr's pleading should be measured from the date he placed the document in the hands of prison officials for mailing.  See Scullock v. Gee, 133 So. 3d 1208, 1209 (Fla. 2d DCA 2014) (citing Haag v. State, 591 So. 2d 614 (Fla. 1992)).  The date on the certificate of service creates a rebuttable presumption that the motion was actually placed in an official's hands on that date.  Id. (citing Thompson v. State, 761 So. 2d 324, 325 (Fla. 2000)).  Absent evidence from the State to rebut the presumption, Kerr's amended motion should be deemed timely and the postconviction court should address it on the merits.  Accordingly, we reverse the portion of the postconviction court's order directed to case number 2010-CF-8438 and remand for reconsideration.

Affirmed in part; reversed in part; remanded.

NORTHCUTT, MORRIS, and BLACK, JJ., Concur.