DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SAMUEL LOPEZ,**
Appellant,

v.

**REMONDE LOPEZ,**
Appellee.

No. 4D15-611

[August 5, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Arthur M. Birken and Merrilee Ehrlich, Judges; L.T. Case No. FMCE 2010-6032.

Venol C. Adams, West Palm Beach, for appellant.

Susan R. Brown of Susan R. Brown, P.A., Plantation, for appellee.

PER CURIAM.

The Father appeals a post-dissolution order establishing child custody and visitation and setting forth a proposed time-sharing schedule conditioned on the outcome of reunification therapy.

The trial court's order, rendered September 30, 2014, was a non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii)b. (non-final orders include orders determining "the rights or obligations of a party regarding child custody or time-sharing under a parenting plan"). The Father's notice of appeal was due on October 30, 2014. *See* Fla. R. App. P. 9.130(b).

Before appealing, the Father filed a motion for reconsideration and rehearing under Florida Rule of Civil Procedure 1.530. The order denying the motion was rendered on January 15, 2015, and the Father filed his notice of appeal on February 13, 2015.

"[A] timely motion for rehearing will suspend rendition of a final order until entry of the order disposing of the motion for rehearing." *Bak v. Bak*, 110 So. 3d 523, 524 (Fla. 4th DCA 2013) (citing Fla. R. App. P. 9.020(h)).

However, "a motion for rehearing does not suspend rendition of a non-final order because rehearing is not authorized for non-final orders."  *Id.*; *see also Lovelace v. Lovelace*, 124 So. 3d 447 (Fla. 1st DCA 2013); *El Gohary v. El Gohary*, 76 So. 3d 355 (Fla. 2d DCA 2011); *Wegner v. Schillinger*, 921 So. 2d 854, 855 (Fla. 4th DCA 2006); *Deal v. Deal,* 783 So. 2d 319, 321 (Fla. 5th DCA 2001).

The order at bar, setting forth custody and visitation and proposing a time-sharing schedule conditioned on the successful outcome of reunification therapy, was a non-final order.  Because the Father's notice of appeal was not filed within thirty days after the non-final order was rendered, we are required to dismiss this appeal for lack of jurisdiction.

*Dismissed.*

STEVENSON, LEVINE and FORST, JJ., concur.

*   *   *

***Not final until disposition of timely filed motion for rehearing.***