NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANDREW WISNIEWSKI,                    )
                                      )
                Appellant,            )
                                      )
v.                                    )        Case No. 2D14-995
                                      )
STATE OF FLORIDA,                     )
                                      )
                Appellee.             )
_____      )

Opinion filed October 14, 2015.

Appeal from the Circuit Court for
Manatee County; Edward Nicholas,
Judge.

Howard L. Dimmig, II, Public Defender,
and Starr L. Brookins, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Donna S. Koch,
Assistant Attorney General, Tampa, for
Appellee.

BLACK, Judge.

This appeal was originally filed pursuant to Anders v. California, 386 U.S.

738 (1967). However, upon our review of the record it was apparent that whether the

trial court erred in striking Andrew Wisniewski's pro se motion to withdraw plea was an

issue arguable on its merits.  As such, we ordered merits-based briefing.  See Chapman v. State, 40 Fla. L. Weekly D1597 (Fla. 2d DCA July 10, 2015) (striking Anders briefing and requiring merits briefing).

Because the trial court's order struck Wisniewski's motion as a nullity based on Wisniewski having counsel, the parties were directed to address whether striking the motion was appropriate in light of Sheppard v. State, 17 So. 3d 275 (Fla. 2009).  In response to this court's order, the initial brief included citation only to Sheppard with no substantive discussion otherwise.  The State's answer brief did not address whether the court applied the correct law in striking the motion as a nullity but instead focused on the ultimate issue of whether the motion sufficiently alleged facts supporting coercion.  Neither brief is particularly helpful.

The trial court's order cites Logan v. State, 846 So. 2d 472 (Fla. 2003), and specifically states: "Regardless of the Defendant's contentions raised in his present Motion, Florida courts have consistently held that pro se pleadings filed by defendants who have representation are a 'nullity having no legal force or effect.' " (Emphasis added.)  The order also states that whether Wisniewski intended to file his motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(l) or 3.850, his motion would be stricken as a nullity.  Thus it is clear that the court's ruling was not based on the allegations in the motion but solely on the fact that Wisniewski was represented by counsel.  The court failed to consider whether Wisniewski's motion contained allegations sufficient under Sheppard to warrant consideration on the merits. See Sheppard, 17 So. 3d at 277 ("[A] limited exception to the rule of striking pro se pleadings as nullities exists where a defendant files a pro se motion to withdraw a plea

pursuant to rule 3.170(*l*), which contains specific allegations that give rise to an adversarial relationship, such as misadvice, affirmative misrepresentations, or coercion that led to the entry of the plea. In these narrow circumstances, . . . the trial court is required . . . to determine whether an adversarial relationship exists such that defense counsel can no longer continue to represent his or her client at a hearing in which counsel will likely be an adverse witness.").

Accordingly, we reverse and remand for the trial court to consider whether Wisniewski's motion sufficiently alleged an adversarial relationship. See Peterson v. State, 881 So. 2d 1129 (Fla. 4th DCA 2004) ("Therefore, without reaching the merits, we reverse and remand for further consideration by the trial court."), approved of by Sheppard, 17 So. 3d at 277; see also Gonzalez v. State, 21 So. 3d 169, 170 (Fla. 2d DCA 2009) ("[W]e reverse and remand with directions to reconsider the motion to withdraw plea based on the procedure outlined in Sheppard."); Escobar v. State, 126 So. 3d 277, 281 (Fla. 3d DCA 2011) (reversing and remanding where "[t]he trial court erred by not considering first whether this (or any other) allegation was sufficient to constitute" an adversarial relationship between Escobar and his attorney); Bruce v. State, 38 So. 3d 869, 870 (Fla. 3d DCA 2010) (reversing and remanding for consideration under Sheppard where "[t]he trial court denied both motions on the ground that each was a nullity" and advised Bruce that he could not file his own motions because he had an attorney). Should the motion be denied on its merits, the trial court shall reinstate Wisniewski's judgment and sentence.

Reversed and remanded with instructions.

CASANUEVA and KHOUZAM, JJ., concur.