IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MACK REED TEDDER, II,

     Appellant,

v.                                                                    Case No. 5D15-4154

ESTATE OF MACK REED
TEDDER, SR.,

     Appellee.

_____/

Opinion filed April 1, 2016

Appeal from the Circuit Court
for Citrus County,
Patricia V. Thomas, Judge.

Mack Reed Tedder, II, Raiford, pro se.

No Appearance for Appellee.

LAMBERT, J.

     Mack Reed Tedder, II, ("Tedder"), appeals the order denying his petition for the subsequent administration of his deceased father's estate. For the following reasons, we conclude that Tedder's notice of appeal was not timely filed. Accordingly, we dismiss this appeal for lack of jurisdiction.

Tedder's father died in 2005. Tedder filed a petition in 2009 for the summary administration of the estate, and the circuit court entered an order distributing the estate's assets to Tedder.

In 2015, Tedder received a notice from Bank of America advising him that it had opened a safe deposit box rented by his father and that certain items of personalty were found in the box. Because these assets had not been previously distributed, Tedder filed a petition for subsequent administration of the estate to have these additional assets distributed to him pursuant to Florida Probate Rule 5.460.

On October 19, 2015, for reasons immaterial to the resolution of this appeal, the circuit court entered an order denying the petition. This order was filed with the clerk of the court the following day. On November 2, 2015, pursuant to the "mailbox rule," Tedder served and filed a motion for rehearing.[1] On November 17, 2015, the court entered an order denying the motion for rehearing, and on November 20, 2015, Tedder filed his notice of appeal.

The Florida Probate Rules govern "procedure in all probate and guardianship proceedings." Fla. Prob. R. 5.010. Pertinent to this appeal, Florida Probate Rule 5.020(d) provides that "[a] motion for rehearing of any order or judgment shall be served not later than 10 days after the date of filing the order or judgment with the clerk as

---

[1] Tedder is incarcerated at Union Correctional Institution. The "mailbox rule" provides that "a petition or notice of appeal filed by a pro se inmate is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the State." *Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992). This same "mailbox rule" date is considered the date of service for the purpose of determining whether a motion for rehearing is timely served. *See Ross v. Ross*, 93 So. 3d 495, 496 (Fla. 2d DCA 2012).

shown on the face of the order or judgment."[2]  Here, Tedder's motion for rehearing was served thirteen days after the order denying subsequent administration was filed.  The effect of this untimely motion for rehearing was that it did not toll the rendition of the order or extend Tedder's time for taking an appeal.  *See Hunt v. Forbes*, 65 So. 3d 133, 134 (Fla. 4th DCA 2011) (citing Fla. R. App. P. 9.020(h) (recognizing that an authorized and *timely* motion for rehearing serves to toll rendition of a final order)).  Moreover, once the ten days for rehearing expired, the circuit court lost jurisdiction to do anything other than enforce its earlier order.  *See id.*  (citing *Epicor Software Corp. v. Coopers & Clarke, Inc.*, 928 So. 2d 1249, 1250 (Fla. 3d DCA 2006)).  Thus, the November 17, 2015, order denying Tedder's motion for rehearing was a nullity because it was entered without jurisdiction.

A notice of appeal must be filed within thirty days of the date an order is rendered.  Fla. R. App. P. 9.110(b).  Because Tedder's untimely motion for rehearing did not toll the rendition of the October 20, 2015, order denying subsequent administration, Tedder had until November 19, 2015, to file his notice of appeal.  Tedder's notice of appeal contains a "prison stamp" date of November 20, 2015, which, under the mailbox rule, is the date the notice of appeal is considered filed.  Tedder filed his notice of appeal one day late, on the thirty-first day.  The failure to file a notice of appeal within the time limits "constitutes an irremediable jurisdictional defect."  *Bak v. Bak*, 110 So. 3d 523, 524 (Fla. 4th DCA 2013) (quoting *Hunt*, 65 So. 3d at 134).

---

[2] In contrast, Florida Rule of Civil Procedure 1.530(b) provides fifteen days for serving a motion for rehearing from the date of the filing of the judgment in a nonjury action.  The Rules of Civil Procedure apply to all actions of a civil nature in the circuit and county courts, except to those to which the Florida Probate Rules, the Florida Family Law Rules of Procedure, or the Small Claims Rules apply.  Fla. R. Civ. P. 1.010.

Because Tedder's notice of appeal was untimely, we lack jurisdiction to consider this appeal.

APPEAL DISMISSED.

BERGER and EDWARDS, JJ., concur.