COHEN, J.
In this appeal, there is a total disconnect between Reginald O. Jenkins's notice of appeal and the subject matter of his initial brief. We dismiss for lack of jurisdiction.
In 1992, Jenkins was convicted and sentenced to life in prison with a mandatory minimum sentence of twenty-five years, which this Court affirmed. See Jenkins v. State, 634 So. 2d 638 (Fla. 5th DCA 1994). Jenkins proceeded to file several successive pro se motions attacking his sentence. In 2017, he filed another motion for postconviction relief alleging newly discovered evidence. Following an evidentiary hearing, the lower court entered an order denying his motion on February 19, 2018. Further, because of Jenkins's extensive history of pro se filings, the lower court, after issuing a show cause order, entered an order prohibiting Jenkins from further pro se filings on April 9. On May 2, Jenkins filed a notice of appeal of the April 9 order. However, Jenkins's initial brief is entirely directed at the February 19 denial of his motion for postconviction relief.
This Court "may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties." Fla. R. App. P. 9.040(d). We may generally disregard the procedural error of misidentifying the order under appeal. Fla. Sugar Cane League, Inc. v. Fla. Dep't of Envtl. Reg., 602 So.2d 544, 545 (Fla. 1st DCA 1991) ("The identification of the wrong order in a notice of appeal, without more, is not grounds for dismissal." (citations omitted) ).
If this Court ignores the misnomer and treats Jenkins's notice of appeal consistent with the substance of his initial brief, Jenkins untimely appealed the February 19 order denying postconviction relief, and this Court does not have jurisdiction. Pursuant to Florida Rule of Appellate Procedure 9.110(b), to invoke the jurisdiction of this Court, a party must file a notice of appeal "within 30 days of the rendition of the order to be reviewed." Thus, to be timely, Jenkins needed to appeal the February 19 order by March 21; Jenkins filed his notice of appeal on May 2. "The failure to file a notice of appeal within the time limits 'constitutes an irremediable jurisdictional defect.' " Tedder v. Estate of Tedder, 200 So.3d 123, 124 (Fla. 5th DCA 2016) (quoting Bak v. Bak, 110 So.3d 523, 524 (Fla. 4th DCA 2013) ).
On the other hand, if Jenkins in fact desired to appeal the April 9 order prohibiting further pro se filings, his appeal was timely. Nevertheless, Jenkins neglected to mention that order anywhere in his initial brief. Having failed to do so, he waived any argument regarding the order. E.g., Hoskins v. State, 75 So.3d 250, 257 (Fla. 2011) (noting that argument not raised in the initial brief was barred on appeal).
Our dilemma is determining how to treat Jenkins's appeal. We conclude that *933 Jenkins sought, as stated forcefully in his brief, review of the February 19 denial of his motion for postconviction relief. That appeal, untimely filed, is dismissed for lack of jurisdiction.
DISMISSED.
EVANDER, C.J. and SASSO, J., concur.