DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOSEPH GILLETTE, JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D22-191

_____

February 7, 2024

Appeal from the Circuit Court for Pinellas County; Chris Helinger, Judge.

Howard L. Dimmig, II, Public Defender, and Susan M. Shanahan, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Samuel R. Mandelbaum, Assistant Attorney General, Tampa, for Appellee.

LaROSE, Judge.

Joseph Gillette, Jr., appeals the order revoking his probation and imposing a five-year prison sentence. The order arises from an underlying felony battery case in which Mr. Gillette sought to withdraw his plea. The trial court improperly disposed of Mr. Gillette's motions to withdraw plea.[1] *See Sheppard v. State*, 17 So. 3d 275, 287 (Fla. 2009). Thus, we reverse and remand for further proceedings.

_____

[1] Because our disposition on this issue controls, we do not address Mr. Gillette's other appellate arguments.

## Background

As will be described in more detail below, the facts and procedural history of this case are a morass. For starters, our record reflects that on August 9, 2021, Mr. Gillette pleaded guilty in Case Number 21-2816-CF to one count of felony battery as well as to several misdemeanor offenses in Case Numbers 21-6738-MM and 21-1952-MM. Particularly significant, earlier, on August 5, 2021, the State charged Mr. Gillette in Case Number 21-8922-MM with violating a no-contact order entered in the felony battery case.

At the plea hearing, his lawyer announced:

> Mr. Gillette is present in the courtroom. I went over a plea form with him in back, explained to him we're taking care -- up here --**we're taking care of all of his cases today**.
>
> **I explained to him what the disposition would be and that he would get a copy of this prior to his release sometime later today**.

(Emphasis added.) The trial court accepted Mr. Gillette's plea and sentenced him to two years' probation. The probation order was rendered on August 16, 2021. *See* Fla. R. App. P. 9.020(h) ("An order is rendered when a signed, written order is filed with the clerk of the lower tribunal.").

Contrary to his understanding about a prompt release on August 9, Mr. Gillette remained jailed. In an August 10, 2021, letter to the trial court, Mr. Gillette complained, "I [am] stuck in jail still!" He emphasized that "the deal was that I would be released that day[, August 9, 2021,] and would have to report to probation on 8/10/21. The only move I made was from Max to C barex [sic], and held on a 10,000 dollar bail."

It seems that Mr. Gillette remained in jail because of his arrest in Case Number 21-8922-MM. Mr. Gillette posted bail in that case within

2

seven or eight days of his August 9, 2021, plea.  Within days, however, law enforcement officers arrested him for violating his probation; again, he attempted to contact the felony battery victim.

Back in jail, Mr. Gillette sent a September 9, 2021, letter to the trial court, referencing Case Number 21-2816-CF.  He complained that he was in jail because his August 9, 2021, plea did not resolve all his pending cases.  He protested that trial counsel "did not write in Case Number 21-8922-MM."  He stated that the prosecutor assured him at the August 9, 2021, hearing that she would "Ammend [sic] in case #21-8922-MM."  The correspondence continued:

> I'm still in jail. . . . [Trial counsel] did not write in Case Number 21-8922-MM. . . .
>
> I called [trial counsel] and he will not help me. . . .  You took my plea because all charges were to be done and I would be released that day!  The sentese [sic] papers you gave me state all charges and that I would be immediately released. . . .  I wish to withdraw my plea!

For unknown reasons, Case Number 21-2816-CF, was crossed out on the letter and two misdemeanor cases were written in, seemingly not by Mr. Gillette:



To add to the confusion, the letter was routed to county court Judge Grissinger rather than to circuit court Judge Helinger to whom the letter was addressed.  Stamped at the top of the letter is the following:

3

EX PARTE
COMMUNICATION
------------------------------
NOT REVIEWED BY
COMPTROLLER
JUDGE GRISSINGER

Despite bearing a September 9, 2021, date, Mr. Gillette's letter was not filed with the clerk until September 22, 2021.

Mr. Gillette sent another letter to the trial court, dated September 10, 2021, again referencing Case Number 21-2816-CF. This time, Mr. Gillette wrote:

> I tried to get the attorney you gave me to withdraw my plea sence [sic] 8/10/21 only he refused to even talk to me!
>
> Now I'm still in jail and 30 days have gone by and I've not started probation or even met any one [sic]! I wish to receive a court date with Div[ision] I Judge Helinger. Please.[2]

_____

[2] Mr. Gillette's trial lawyer's representation continued beyond the August 9, 2021, plea hearing. *See* Fla. R. Crim. P. 3.111(e)(1); *Escobar v. State*, 126 So. 3d 277, 279 (Fla. 3d DCA 2011) ("[C]ounsel's obligation of representation to his client does not end upon the rendition of a judgment of conviction and sentence, but continues thereafter until either a notice of appeal is filed[,] . . . the time for filing the notice has passed, or good cause is shown upon written motion.").

However, counsel's continued representation did not thwart Mr. Gillette's efforts to withdraw his plea. Mr. Gillette's letters contained allegations sufficient under *Sheppard* to warrant consideration on the merits. *See Sheppard*, 17 So. 3d at 277 ("[A] limited exception to the rule of striking pro se pleadings as nullities exists where a defendant files a pro se motion to withdraw a plea pursuant to rule 3.170(*l*), which contains specific allegations that give rise to an adversarial relationship, such as misadvice, affirmative

4

The clerk filed this letter on September 13, 2021.

Following a hearing on the no-contact probation violation, the trial court revoked Mr. Gillette's felony battery probation and sentenced him to five years' prison. The revocation order and sentence were rendered on December 2, 2021. The motions to withdraw plea, however, remained pending.

Thereafter, Mr. Gillette's new lawyer filed a motion to withdraw plea.[3] *See* Fla. R. Crim. P. 3.170(*l*). The motion alerted the trial court to Mr. Gillette's earlier letters requesting to withdraw his August 9, 2021, plea. At a December 10, 2021, nonevidentiary hearing, the trial court remarked that "the time has passed" for Mr. Gillette to withdraw his plea, explaining that "your . . . thirty days is over." Mr. Gillette filed a premature notice of appeal on January 6, 2022.

Some three months after the hearing, on March 29, 2022, the trial court signed a more elaborate order dismissing Mr. Gillette's motions to withdraw plea. The trial court found that the letters were untimely and meritless. The trial court explained that because it sentenced Mr. Gillette on August 9, 2021, "[a]ny motion to withdraw plea . . . would be

---

> misrepresentations, or coercion that led to the entry of the plea. In these narrow circumstances, . . . the trial court is required . . . to determine whether an adversarial relationship exists such that defense counsel can no longer continue to represent his or her client at a hearing in which counsel will likely be an adverse witness.").

*Wisniewski v. State,* 177 So. 3d 70, 71 (Fla. 2d DCA 2015) (alterations in original).

[3] In what can only be described as a recurring theme, there was a significant gap between the date on the motion and the date it was filed; the assistant public defender's motion contains a December 1, 2021, certificate of service, but the motion was not filed by the clerk until January 7, 2022.

5

untimely after September 8, 2021."  The trial court also observed that Mr. Gillette "failed to demonstrate that a withdrawal of his plea is necessary to correct a manifest injustice" because he "was released on bond in case 21-08922-MM shortly after he entered his plea."

## Analysis

### I. Jurisdiction: Timeliness, Tolling, and Forgery

We begin by examining our jurisdiction to consider this appeal. *See State v. Hall*, 351 So. 3d 654, 657 n.4 (Fla. 2d DCA 2022) ("We always 'have jurisdiction to determine the issue of [our] own jurisdiction.' " (alteration in original) (quoting *Lackner v. Cent. Fla. Invs., Inc.*, 14 So. 3d 1050, 1055 (Fla. 5th DCA 2009))).

Our jurisdiction turns upon the timeliness and the nature of the order before us.  Ordinarily, the former is easy to evaluate.  A notice of appeal must generally be filed "with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed."  Fla. R. App. P. 9.110(b).  Here, however, timeliness is a stickier wicket.

The trial court found that Mr. Gillette's September 9 and September 10, 2021, letters were not filed by September 8, 2021.  The trial court calculated that September 8 was the last day on which Mr. Gillette could move to withdraw his August 9, 2021, plea.  We disagree.

Rule 3.170(*l*) provides that "[a] defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence."  The trial court accepted Mr. Gillette's guilty plea and orally pronounced sentence on August 9, 2021.  However, the probation order was not rendered until August 16, 2021, when it was filed with the clerk.  *See* Fla. R. App. P. 9.020(h).  Mr.

6

Gillette timely filed his two September letters within thirty days of rendition. *See* Fla. R. Crim. P. 3.170(*l*).

We step back to address the State's contention that the September 9, 2021, letter, filed on September 22, 2021, is untimely. The State questions the veracity of the "September 9, 2021," date on the letter. It notes that the September 10, 2021, letter was filed September 13, 2021, in a much timelier manner. Seemingly, the State suggests that Mr. Gillette backdated his September 9, 2021, letter.[4] But, the State does not contest that Mr. Gillette was in jail on September 9 and September 10, 2021.

"Under the so-called mailbox rule, the timeliness of a pro se inmate's pleading is measured from the date the inmate places the document in the hands of the prison (or jail) official for mailing." *Scullock v. Gee*, 133 So. 3d 1208, 1209 (Fla. 2d DCA 2014); *see also Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992). Ordinarily, the institutional "legal mail" date stamp is affixed to an inmate's filing.

Unfortunately, there is no jail date stamp on either of Mr. Gillette's September letters. Consequently, we use the date Mr. Gillette furnished. We have previously stated that, "[t]he date on the certificate of service creates a rebuttable presumption that the motion was actually placed in an official's hands on that date." *Kerr v. State*, 148 So. 3d 123, 124 (Fla. 2d DCA 2014).

The State failed to rebut this presumption. In fact, the accumulated anomalies in our record indicate that the September 9, 2021, letter was timely filed. For one thing, Mr. Gillette's September 9,

---

[4] The State does not contest that Mr. Gillette's September 10, 2021, letter, was timely filed within thirty days of rendition of the probation order.

2021, letter was inexplicably altered so that it was filed in a different court case. And the stamp at the top of the letter stating that it was an ex parte communication not reviewed by the judge to whom it was incorrectly routed no doubt contributed to a delay in filing. We know this because the actual filing itself includes the stamp from the county court judge's chambers. Apparently, the September 9, 2021, letter was not first filed with the clerk, but was instead routed to the (wrong) judge who, at some point, stamped it and sent it to the clerk for filing.

A timely filed motion to withdraw plea tolls rendition of an otherwise final and appealable order. *See* Fla. R. App. P. 9.020(h)(1)(I). Because Mr. Gillette filed his notice of appeal on January 6, 2022, following the trial court's December 10, 2021, oral pronouncement dismissing Mr. Gillette's motions to withdraw plea but before the March 30, 2022, rendition of a written order, we have jurisdiction. *See* Fla. R. App. P. 9.020(h)(1)(I), (2)(A), (C) (explaining that a timely and authorized rule 3.170(*l*) motion tolls rendition of a final order and that "if a notice of appeal is filed before the rendition of an order disposing of [a rule 3.170(*l*) motion], the appeal must be held in abeyance until the motions are . . . resolved by the rendition of an order disposing of the last such motion").

## II. Manifest Injustice

We now address the trial court's finding that Mr. Gillette "failed to demonstrate that a withdrawal of his plea is necessary to correct a manifest injustice."

Rule 3.170(*l*) provides that "[a] defendant who pleads guilty or nolo contendere . . . may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e)." The stated grounds include "an involuntary plea" and "a sentencing error." Fla. R.

8

App. P. 9.140(b)(2)A)(ii)(c), (d). These rules apply to probation violations, as well. *See Sheppard*, 17 So. 3d at 286–87. "[W]hen a defendant files a facially sufficient motion to withdraw a plea, the trial court must either afford the defendant an evidentiary hearing or accept the defendant's allegations in the motion as true except to the extent that they are conclusively refuted by the record." *Boule v. State*, 884 So. 2d 1023, 1024 (Fla. 2d DCA 2004) (alteration in original) (quoting *Iaconetti v. State*, 869 So. 2d 695, 699 (Fla. 2d DCA 2004)).

Mr. Gillette alleged a facially sufficient claim that counsel misrepresented his release date, thus rendering the plea involuntary. The record does not refute this claim. Accordingly, Mr. Gillette was entitled to an evidentiary hearing. *See Garcia v. State*, 846 So. 2d 660, 661 (Fla. 2d DCA 2003) ("Garcia's allegation that he was misled by his court-appointed attorney into entering the plea can be construed as a challenge to the voluntariness of the plea. Thus, Garcia's motion was facially sufficient to warrant a hearing." (citation omitted)).

In rebuffing Mr. Gillette's attempt to withdraw his plea, the trial court noted that Case Number 21-8922-MM "was not included in his plea agreement or the final disposition on September 9, 2021."[5] However, the trial court did not address Mr. Gillette's contention that the prosecutor agreed "to Ammend [sic] in case #21-8922-MM and she would do so later" in order to effectuate Mr. Gillette's release from jail on August 9, 2021.

Further, the trial court's assessment of manifest injustice incorporates a quantitative component. After all, the trial court tells us,

---

[5] Presumably, this is a typographical error; August 9, 2021, was the date of the plea hearing.

Mr. Gillette was released on the misdemeanor charge "shortly after he entered his plea." But, if Mr. Gillette is correct, and we reach no conclusion on that point, the State wrongfully deprived him of his liberty. *Cf. Green v. Alachua County*, 323 So. 3d 246, 248 (Fla. 1st DCA 2021). Even a slight deprivation is anathema to our concept of ordered government. *Cf.* Letter from John Adams to Abigail Adams (July 7, 1775), in *1 Adams Family Correspondence* 1, 1 (L.H. Butterfield, ed., Belknap Press of Harvard Univ. Press 1963) (observing of the body politic that "[l]iberty once lost is lost forever"). We all know that "[n]o right is held more sacred, or is more carefully guarded by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law." *Union Pac. Ry. Co. v. Botsford*, 141 U.S. 250, 251 (1891).

Notwithstanding his alleged loss of liberty, if Mr. Gillette is correct, the manifest injustice he suffered is the very act of not receiving the bargain to which he agreed. *See Ricardo v. State,* 647 So. 2d 287, 288 (Fla. 2d DCA 1994) ("A defendant's guilty plea is considered involuntary if it is induced by a defense counsel's promise which is not kept . . . .").

## Conclusion

Mr. Gillette timely filed facially sufficient letters seeking to withdraw his plea. The trial court erred in dismissing the requests. We reverse and remand for a hearing pursuant to *Sheppard,* 17 So. 3d at 286–87. *See Gonzalez v. State*, 21 So. 3d 169, 170 (Fla. 2d DCA 2009) ("[W]e reverse and remand with directions to reconsider the motion to withdraw plea based on the procedure outlined in *Sheppard*."); *cf. Thelus v. State*, 298 So. 3d 126, 127 (Fla. 2d DCA 2020) ("If the trial court

10

denies Thelus's motion to withdraw his pleas, the judgments and sentences should be reinstated."); *Wisniewski*, 177 So. 3d at 72.

Reversed, and remanded, with instructions.

KHOUZAM and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.