DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NICO GOODMAN,**
Appellant,

v.

**NINGBO LITESUN ELECTRIC CO., LTD.,**
Appellee.

No. 4D2023-2709

[January 8, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Kerner, Judge; L.T. Case No. 50-2016-CA-010435-XXXX-MB.

John H. Pelzer and Neal W. Hirschfeld of Greenspoon Marder LLP, Fort Lauderdale, for appellant.

Max H. Trembitsky and Robert W.F. Beckmann of Gordon & Rees Scully Mansukhani LLP, New York, NY, for appellee.

WARNER, J.

Appellant/plaintiff, Nico Goodman, appeals a final summary judgment in appellee/defendant Ningbo Litesun Electric Co., Ltd.'s favor on his complaint for products liability. He contends that the trial court improperly excluded two of his expert witnesses based on *Daubert*[1] in considering appellee's motion for summary judgment and erred in granting summary judgment. We affirm as to all issues and write to explain why appellant has failed to preserve the challenge to one expert's exclusion on the ground that the trial court failed to make findings of fact.

Appellant was severely injured when his metal necklace became entangled with defendant's power strip while appellant was plugging in his laptop charger. He sued appellee for damages based upon a defective product theory. He retained two experts to give opinions as to causation and the product's defective design.

---

[1] *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993).

Appellee challenged both experts on *Daubert* grounds. The trial court held a hearing on appellee's motion to exclude the first expert, where the court found that the expert "doesn't reach the reliability standards to present in good faith to the jury." The trial court's brief written order did not contain any *Daubert* criteria findings of fact.

Later, appellee moved for summary judgment and moved to exclude the second expert. The trial court found that the second expert also did not meet the *Daubert* criteria and excluded his testimony. The court then granted summary judgment for several reasons, including that because both of appellant's proffered experts had been excluded, appellant had not presented any evidence of a product defect or causation.[2] Appellant did not file a motion for rehearing. Instead, appellant appealed.

In the first issue on appeal, appellant claims that the trial court reversibly erred by failing to make findings of fact in its interlocutory order excluding the first expert. We have explained in *State Farm Mutual Automobile Insurance Co. v. Nob Hill Family Chiropractic*, 328 So. 3d 1 (Fla. 4th DCA 2021), that "[a] trial court must make 'specific factual findings on the record which are sufficient for an appellate court to review the trial court's conclusion concerning whether the testimony was scientifically reliable and factually relevant.'" *Id.* at 6 (quoting *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005)). However, we conclude that this issue has not been preserved in this case.

The supreme court amended the rules of procedure in 2022, and again in 2023, to require a motion for rehearing to preserve for appeal a claim that the trial court failed to make required findings of fact. Florida Rule of Civil Procedure 1.530(a) was amended to provide that "[t]o preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule." The amendment makes clear that parties must provide the trial court with the opportunity to make required findings of fact to prevent unnecessary reversal of a final order, which is exactly the case here.

Appellant contends that because the trial court failed to make findings in an interlocutory order excluding the expert, rather than in the final judgment, he was not required to file a motion for rehearing. We disagree because appellant seeks reversal of the final judgment based on the lack of findings.

---

[2] We agree with the trial court that appellant waived reliance on the third expert, Mr. Brill.

We acknowledge that the trial court's order excluding the first expert's testimony on *Daubert* grounds was an interlocutory order entered before the final judgment. However, appellant seeks reversal of the final summary judgment on the grounds that the interlocutory order excluding his expert lacked required findings of fact. Moreover, the final judgment mentions that the trial court had excluded the first expert, as a precursor to considering the *Daubert* challenge to the second expert and final summary judgment. It was incumbent on appellant to raise the lack of findings of fact as to the first expert to the trial court to preserve the issue for appellate review.

We recognize "rehearing is not authorized for non-final orders" for the purpose of tolling the time for bringing a nonfinal appeal. *See Lopez v. Lopez,* 190 So. 3d 117, 118 (Fla. 4th DCA 2015) (quoting *Bak v. Bak,* 110 So. 3d 523, 524 (Fla. 4th DCA 2013)). But "it is well settled in this state that a circuit court has the inherent authority to reconsider any of its interlocutory rulings before the entry of a final judgment or final order in the cause." *Iriarte v. Citizens Prop. Ins. Corp.*, 307 So. 3d 63, 66 (Fla. 4th DCA 2020). Therefore, appellant could have moved the court to rehear the order excluding the expert and to make written findings at any time before the final judgment, or, in accordance with the amended rule 1.530(a), in a motion for rehearing of the final judgment.

We hold that if an interlocutory order fails to make required findings and the party has not moved the court to reconsider the interlocutory order to make such findings, the party must move for rehearing from the final judgment on that basis to preserve the issue for appellate review. Any other result would be inconsistent and incongruous with the supreme court's amendments to rule 1.530(a).

*Affirmed.*

GROSS and MAY, JJ., concur.

*　　*　　*

**Not final until disposition of timely filed motion for rehearing.**

3