# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-2775
LT Case No. 16-2024-DR-3940

———————————————

MYRNA JAD,

    Appellant,

    v.

CHRIS ABINUMAN,

    Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Eric C. Roberson, Judge.

Myrna Jad, Orange Park, pro se.

No Appearance for Appellee.

January 2, 2026

PER CURIAM.

Myrna Jad appeals the temporary injunction for protection against stalking entered against her and in favor of Appellee, Chris Abinuman. As explained below, though this temporary injunction was entered by the trial court in violation of Jad's due process rights, we dismiss this aspect of the appeal because Jad did not timely invoke our jurisdiction.

Jad also appeals the trial court's subsequent order that denied her motion to terminate or vacate this injunction. Because Jad's initial brief fails to make sufficient argument to preserve her claim for appellate review, we affirm the appeal of this order.

TRIAL COURT PROCEEDING

The litigation below was initiated when Jad filed a petition for injunction against repeat violence against Abinuman who, according to the petition, was her neighbor. The trial court did not enter an ex parte temporary injunction under Florida Family Law Rule of Procedure 12.610(c)(1)(A); instead, the petition was set for final hearing.

Both parties personally appeared at this hearing and neither was represented by counsel. The transcript filed of record from this brief hearing shows that no sworn testimony was provided. The hearing concluded with the trial court entering a temporary injunction in favor of Abinuman and against Jad for protection against stalking.

The entry of the injunction against Jad violated her right to due process. Jad was not on notice that an injunction for protection against stalking could be entered against her because Abinuman had not filed a petition or any type of pleading seeking an injunction. *See Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC*, 986 So. 2d 1244, 1252 (Fla. 2008) ("Florida law clearly holds that a trial court lacks jurisdiction to hear and determine matters which are not the subject of proper pleading and notice," and "[t]o allow a court to rule on a matter without proper pleadings and notice is violative of a party's due process rights." (alteration in original) (emphasis and citation omitted)); *see* also *Brooks v. Basdeo*, 336 So. 3d 423, 424 (Fla. 5th DCA 2022) ("It is axiomatic that a party defending against a claim [for injunction for protection] is entitled to due process, including the right to proper and adequate notice of the allegations which form the basis for the relief sought." (quoting *Sanchez v. Marin*, 138 So. 3d 1165, 1167 (Fla. 3d DCA 2014))).

Instead, the trial court, without having received sworn

2

testimony, concluded that Jad was a "squatter" on the property and sua sponte issued the temporary injunction. And, while titled as a "temporary" injunction, the injunction specifically provided that it is to remain in effect for five years. The temporary injunction also directed the Jacksonville Sheriff's Office to remove Jad, including any ward of hers, from the premises; and it authorized Abinuman to remove Jad's personalty from and to change the locks on the residence.

## JURISDICTION

Though not raised by either party,[1] we first address our jurisdiction to consider this appeal. *See Bialostozky v. GAHC3 Mount Dora Fl MOB II, LLC*, 397 So. 3d 793, 797 (Fla. 5th DCA 2024). ("[A]n appellate court is required to assess its own jurisdiction, even when not raised by the parties.").

"It is well-established that a notice of appeal must be timely filed with the appropriate court for jurisdiction to be conferred upon an appellate tribunal." *Capone v. Philip Morris USA, Inc.*, 116 So. 3d 363, 369 (Fla. 2013). Stated slightly differently, "[a]n appellate court cannot exercise jurisdiction over a cause where a notice of appeal has not been timely filed." *Fisher v. Housing Auth. of the City of Key West*, 50 Fla. L. Weekly D2530 (Fla. 3d DCA Nov. 26, 2025) (quoting *State ex. rel. Cantera v. Dist. Ct. of Appeal, Third Dist.*, 555 So. 2d 360, 362 (Fla. 1990)).

To invoke the jurisdiction of this court to review a final order, a notice of appeal must be filed with the clerk of the lower tribunal within thirty days of the rendition of the order to be reviewed. *See* Fla. R. App. P. 9.110(b). Similarly, for our jurisdiction to be timely invoked to review a nonfinal order, the notice of appeal must be filed with the clerk of the lower court within thirty days of rendition of the order. *See* Fla. R. App. P. 9.130(b). Accordingly, whether the temporary injunction for protection against stalking here is a final order or a nonfinal order, for this court to have

---

[1] Abinuman has not filed an answer brief or otherwise participated in this appeal.

3

jurisdiction, Jad's notice of appeal must have been filed with the clerk of the circuit court no later than thirty days after its rendition.

Jad's notice of appeal was filed with the clerk of the circuit court on the thirty-fourth day. This untimely filing has resulted in "an irremediable jurisdictional defect." *Tedder v. Est. of Tedder*, 200 So. 3d 123, 124 (Fla. 5th DCA 2016) (quoting *Bak v. Bak*, 110 So. 3d 523, 524 (Fla. 4th DCA 2013)). We therefore dismiss this aspect of this appeal.

## ORDER DENYING MOTION TO TERMINATE OR VACATE TEMPORARY INJUNCTION

Prior to filing her notice of appeal, Jad had also filed a motion to vacate or terminate the temporary injunction, *see* Fla. Fam. L. R. P. 12.610(c)(6) ("The petitioner or respondent may move the court to modify or vacate an injunction [for protection against stalking] at any time."); § 784.0485(6)(b), Fla. Stat. ("Either party may move at any time to modify or dissolve the injunction [for protection against stalking.]"), which the trial court denied without a hearing. The notice of appeal that Jad filed thereafter did include a separate and specific reference that Jad was appealing this denial order, *see Fletcher-Johnson v. Johnson*, 50 Fla. L. Weekly D2447 (Fla. 4th DCA Nov. 12, 2025) ("An order denying a motion to vacate [a final judgment of injunction for protection against domestic violence] is separate from the final judgment and is appealable separately."), and was timely regarding the order.

However, Jad's initial brief, while raising meritorious argument for the reversal of the temporary injunction, makes, at best, conclusory argument for reversing the order denying her motion to vacate or terminate the injunction, which is insufficient to preserve appellate review. *Hammond v. State*, 34 So. 3d 58, 59 (Fla. 4th DCA 2010) ("Claims for which an appellant has not presented any argument, or for which he [or she] provides only conclusory argument, are insufficiently presented for review and are waived." (citing *Doorbal v. State*, 983 So. 2d 464, 482–83 (Fla. 2008); *Shere v. State*, 742 So. 2d 215, 217 n.6 (Fla. 1999))). And

4

since "it is not the function of [an appellate court] to rebrief an appeal [for a party]," nor are we to "extend a helping hand to litigants not represented by counsel," *Figueroa v. Kossiver*, 336 So. 3d 1260, 1264 (Fla. 5th DCA 2022) (citations omitted), we are constrained to affirm the order denying Jad's motion to vacate or terminate the injunction.

DISMISSED, in part; AFFIRMED, in part.

LAMBERT, EDWARDS, and KILBANE, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––