# Third District Court of Appeal

## State of Florida

Opinion filed May 20, 2026.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D26-0418
Lower Tribunal No. 21-19683-CA-01

————————————

**Alyssa Reardon,**
Appellant,

vs.

**RJConsulting 4005 LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Diaz, Reus & Targ, LLP, and Marta Colomar-Garcia, Mitchell Jagodinski and John Q. Foster, for appellant.

Roniel Rodriguez IV, P.A., and Roniel Rodriguez IV, for appellee.

Before SCALES, C.J., and MILLER and GOODEN, JJ.

SCALES, C.J.

This is a breach of contract case concerning a failed real estate transaction between appellant Alyssa Reardon ("Buyer") and appellee RJConsulting 4005 LLC ("Seller"). Buyer seeks to appeal two trial court orders. Specifically, Buyer's notice of appeal represents that (i) the trial court's April 20, 2023 summary judgment order ("Final Judgment") is a partial final judgment on Seller's operative amended counterclaim, and (ii) the trial court's November 21, 2025 order ("Order") is a partial final judgment on Buyer's operative amended complaint. Claiming that all judicial labor in this case has now ended, Buyer seeks to appeal the two orders that purportedly adjudicated the "separate and distinct claims" alleged in the parties' pleadings. See Fla. R. App. P. 9.110(k) ("Except as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case."). Seller has moved to dismiss this appeal for lack of jurisdiction. We agree with Seller and dismiss the appeal.

Contrary to Buyer's suggestion, the Final Judgment fully adjudicated the parties' *interdependent* claims,[1] awarding Seller liquidated damages of

---

[1] The parties executed a standard "as is" residential contract for the purchase and sale of a condominium. Buyer's amended complaint sought to have the contract voided. Seller's amended counterclaim sought entitlement to

$100,000, plus $15,090 in prejudgment interest. Outside of reserving jurisdiction for ancillary matters (such as attorney's fees and costs), the Final Judgment ended all judicial labor in the case and, therefore, was a final, appealable judgment. See S.L.T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974) ("Generally, the test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected."). Buyer neither sought rehearing of the Final Judgment under Florida Rule of Civil Procedure 1.530(b), nor appealed the Final Judgment under Florida Rule of Appellate Procedure 9.110(b).

Buyer subsequently moved to vacate the Final Judgment under Florida Rule of Civil Procedure 1.540(b) on the ground of excusable neglect. The trial court entered an order denying Buyer's amended rule 1.540 motion. Buyer did not appeal the rule 1.540 order. Buyer then – in a clear attempt to revive her right to appeal the Final Judgment – moved for summary judgment

---

$100,000 as liquidated damages based on a contractual provision governing Buyer's breach.

3

on her amended complaint, which the trial court properly refused to entertain in the Order.

Because (i) the Final Judgment fully adjudicated the parties' interdependent claims and ended all judicial labor in this case, (ii) Buyer failed to timely appeal the Final Judgment, and (iii) Buyer cannot revive her right to appeal the Final Judgment through the Order, we dismiss this appeal for lack of jurisdiction. See Hunt v. Forbes, 65 So. 3d 133, 134 (Fla. 4th DCA 2011) (dismissing appeal, concluding that because the time for seeking rehearing from the final order had expired, "the trial court's subsequent entry of an 'Amended Final Judgment' could not serve to revive the appellant's right to appeal" the final order); cf. People's Tr. Ins. Co. v. Slavin, 338 So. 3d 276, 278 (Fla. 4th DCA 2022) (concluding that the appellant could not revive the right to appeal a non-final order by filing what amounted to an unauthorized motion for rehearing of the non-final order and then appealing from the order denying the rehearing motion).

Dismissal motion granted; appeal dismissed.